BROWN v. BROOKS.

The refusal of the Circuit Court to give to the jury an instruction asked for, when the Court gave in its stead an equivalent one, is not a ground for reversing the judgment.

In an action of slander the Court instructed the jury, in effect, that if the words charged were spoken under excitement, and afterwards taken back, that fact should be considered in mitigation of damages; but if they were thus spoken and afterwards persisted in, it should not be so considered. The Court afterwards added, that if the charge was made under excitement it might be considered in mitigation. *Held,* that the instruction, thus modified, could not be complained of by the defendant.

*Tuesday,
November 30.*

ERROR to the *Wayne* Circuit Court.

PERKINS, J.—Case for slander. Charge complained of as having been made, larceny.

Pleas, the general issue and justification. Issues of fact. Trial by jury, and verdict and judgment for the plaintiff.

The evidence is not upon the record.

A bill of exceptions states that upon the close of the evidence, the Court, in their general instructions in the case, charged the jury that if the words alleged in the declaration were spoken in excitement, and afterwards taken back, it should be considered in mitigation of damages; but if they were spoken under excitement, and afterwards persisted in, it should not be so considered; whereupon the defendant asked the Court to say to the jury that if the charge was made under excitement and the defendant did not take it back, or offer to do so, the jury should consider it in mitigation of damages, which the Court refused, but instructed the jury that if the charge was made under excitement it might be considered in mitigation.

This bill of exceptions presents all the questions raised in the cause.

The last instruction given by the Court is substantially the same as that asked by counsel and refused by the Court. The refusal of that instruction, therefore, cannot, in any event, be made a ground for reversing the judgment below; and, we think, the first instruction, above set

Nov. Term,
1852.

BROWN
v.
BROOKS.

out, the only matter that can be a source of complaint to the plaintiff in error. We will consider it.

The allegation of malice in speaking the words is a material one in a declaration for slander. And when the plaintiff has, *prima facie*, established that allegation upon the trial, the defendant has a right, under the general issue, to give in evidence, to mitigate the damages, matters disproving, or tending to disprove, malice; such as insanity, or that the words were spoken in a sudden heat of passion, or upon a justifiable occasion, or that there was a general belief, on the part of the public, of the truth of the matters charged, &c. In answer to such evidence on the part of the defendant, and to prevent the reduction of damages, the plaintiff may produce evidence showing, or tending to show, express malice. Applying these principles to the present case, the defendant below may have shown, as tending to disprove malice, that he spoke the words in a state of excitement, and the plaintiff, in reply, as tending to destroy the force of that evidence, and show actual malice, may have proved that the defendant persisted in repeating the charge after the excitement had passed off. For though anger may exist without malice, and words, therefore, be spoken in the heat of passion without malice; yet malice may co-exist with anger, and words be spoken with malice, even in the heat of passion; and whether they are or are not so spoken, in any given case, is a question for the jury, all the circumstances of that case being considered. It would not necessarily follow that, because words were spoken in the heat of passion, malice was wanting, and damages should be mitigated. Nor would it necessarily follow, because a charge made in the heat of passion was coolly and deliberately repeated afterwards, that the charge was maliciously made in the heat of passion, and subject to heavy damages. These would be questions for the jury. Each repetition of slanderous words lays the foundation for a separate suit. Some of the repetitions may be with malice, and some without. Each case must stand or fall by itself. In the case before us, therefore, should we consi-

der, as is insisted, that the Court told the jury the damages should be mitigated if the words were spoken in excitement, but should not be if they were repeated afterwards without excitement, irrespective of the question of malice, the charge was wrong, and may have injured the plaintiff in error. But we do not so consider the charge. We think the jury would have understood from what the Court said, taken all together, that if the words, for the speaking of which the action was brought, were spoken under excitement, the fact of that excitement should be considered in mitigation of damages; but if they were spoken not under excitement, then there would be no fact in relation to excitement to take into consideration in mitigation, and this would certainly be true.

Other proper instructions in relation to malice may have been given; though it does not appear that any such were asked.

We may remark that we think the word "excitement" one of too general a signification to be used without qualification in the connection in which it was employed in this case. There are many kinds of excitement, some of which might not even tend to mitigate slander. But we presume the evidence in the cause established that degree of passion that justified the charge. At all events, if it did not, the error was in the complaining party's favor.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*C. H. Test*, for the plaintiff.

*J. S. Newman*, for the defendant.