MICHAEL DAVIS v. AUGUST MARXHAUSEN.

[See 86 Mich. 281.]

*Libel— Malice—Instructions to jury—Retraction— Damages— Evidence.*

1. A newspaper, the circulation of which was limited to subscribers, published an article stating that a certain person, naming him, and giving the number and street where he resided, had been arrested for larceny. Plaintiff resided at the place designated, but another person bearing the same name had been arrested for the offense mentioned. In the next issue but one of the paper appeared a correction in so far as the

residence was concerned. Six days later the publisher received a notice from plaintiff's attorney that he had been retained by him to bring a suit for libel in publishing the article. On the same day an article was published in the newspaper, in which it was stated that the residence of the alleged thief was erroneouly given in the article complained of, and that in the house designated lived a party of the same name, who was a thoroughly honest man, and to whom, on account of the error, an unfortunate injury had been done. And in a suit for libel it is held that it was not conclusively shown by the facts stated that the publication was made for justifiable ends, and that the article was made to point to the plaintiff through a mistake; that it was therefore error to charge the jury that there was no evidence from which improper motives on the part of the defendant could be inferred; citing *Post Co. v. McArthur*, 16 Mich. 451; *Whittemore v. Weiss*, 33 Id. 353; *Association v. Tryon*, 42 Id. 549; *Bacon v. Railroad Co.*, 55 Id. 224.

2. It was competent for the defendant to offer testimony to show the want of actual malice, as that the publication was made through mistake, and that all proper precautions were observed, by which the damages would be reduced to such a sum as would compensate for the injury which must inevitably have resulted; citing *Scripps v. Reilly*, 38 Mich. 23; *Association v. Tryon*, 42 Id. 549.

3. The retractions were not evidence of the circumstances under which the original publication was made, or of its good faith, but proof of the same was admissible in mitigation of damages, their publication having occurred before suit brought, and immediately following the publication of the libel.

Error to Wayne. (Carpenter, J.) Argued November 1, 1894. Decided December 22, 1894.

Case for libel. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Sloman, Groesbeck & Robinson,* for appellant.

*Morse Rohnert (John G. Hawley,* of counsel), for defendant.

MONTGOMERY, J. This case was before the Court at the April term, 1891, and is reported in 86 Mich., at page 281. On the first trial, defendant recovered. The judg-

ment was reversed by this Court, and a new trial ordered. On the retrial a judgment for nominal damages was recovered by plaintiff, and he again appeals.

The action is for libel in publishing the following article:

"The police detectives Noble and McDonald yesterday arrested Michael Davis, who resides at number 311 East Columbia street, and Charles Davis, living at number 441 Hastings street, on account of the larceny of a quantity of lead pipe belonging to the company who are about to bring natural gas to Detroit."

In the next issue but one of the paper the following was published:

"The Michael Davis who was arrested for the larceny of lead pipe—the item which we published shortly on last Friday—does not live at number 311 Columbia street. This error was caused by a fault in the writing."

Six days later, plaintiff's attorney addressed a letter to the defendant, stating that he had been retained to bring an action for libel, and that the notice was given in compliance with the libel law of 1889. And on the same day the defendant published an article as follows:

"A MIXING UP OF PERSONS.

"In the number of the Abend Post of Saturday, November 15, there was a small item published, in which it was stated that Michael Davis and another man had been arrested on account of stealing lead pipe, or had stolen some lead pipe, and on that account had been arrested. So far the notice was correct. But the residence of Michael Davis was given as being at 311 East Columbia street. In this respect it was error. In that house—that is, number 311 East Columbia street—there lives truly a Michael Davis, and a thoroughly honest man, to whom, on account of this error, an unfortunate injury has been done. In last Sunday's paper, scarcely 12 hours after the publication, we corrected the mistake in this erroneous notice, but we do it now in order to do the fullest justice to the man who is injured."

The proofs also show that the paper is only furnished

to subscribers, so that presumptively the correction reached the same persons who read the libel. The court directed a verdict for the plaintiff, and the only questions which we need discuss, therefore, are those which relate to the rulings respecting the subject of damages.

The plaintiff requested the court to charge that—

"The law presumes that the article was published maliciously, and the burden is upon the defendant to show that he acted in good faith and with proper motives;"

And that—

"The willful publication of injurious statements involves the design to produce whatever injury must necessarily follow, and when done purposely, knowingly, and for no good purpose or justifiable end, it is malicious, in the sight of the law, even if done without any actual personal ill will."

These requests undoubtedly embodied the law on the subject, and should have been given, unless the defendant had shown conclusively that the publication was made for justifiable ends, and that the article was made to point to the plaintiff through a mistake. The record fails to show this state of facts. It was therefore error to refuse to give the instructions asked, and to charge the jury, as the circuit judge did on his own motion, that "there was no evidence from which improper motives on the part of defendant could be inferred." *Detroit Daily Post Co. v. Mc-Arthur,* 16 Mich. 451; *Whittemore v. Weiss,* 33 Id. 353; *Evening News Association v. Tryon,* 42 Id. 549; Newell, Defam. pp. 319, 321; *Bacon v. Railroad Co.,* 55 Mich. 224. It was competent for the defendant to offer testimony to show the want of actual malice, as that the publication was made through mistake, and that all proper precautions were observed, by which the damages would be reduced to such a sum as would compensate for the injury which must inevitably have resulted. *Scripps v. Reilly,* 38 Mich.

23; *Evening News Association v. Tryon,* 42 Id. 549. But the defendant did not, in this case, make these facts appear conclusively. The circumstances of the publication are not shown, except as the jury are left to infer that because another Michael Davis was arrested the defendant must, in publishing this libel, have intended, in good faith, to refer to that Michael Davis, and not to the plaintiff. If any such inference is deducible from the testimony, it should have been left to be drawn by the jury. The retractions were not evidence of the circumstances under which the original publication was made, or of the good faith of the original publication. They were admissible— their publication having occurred before suit brought, and immediately following the libel—in mitigation of damages. Newell, Defam. p. 907; *Storey v. Wallace,* 60 Ill. 51. While the case is manifestly one in which large damages should not be awarded, yet it is clear that the record fails to show conclusively that the publication occurred through mistake, and while in the exercise of reasonable care.

There are no other questions which we think require discussion.

For the error pointed out the judgment will be reversed, with costs, and a new trial ordered.

McGrath, C. J., Long and Grant, JJ., concurred. Hooker, J., did not sit.