### SEBRON BROOKS *vs.* ELIOT SAVINGS BANK.

Suffolk.   December 8, 1949. — December 30, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence,* One owning or controlling real estate; Employer's liability: place of work; Contributory. *Employer's Liability,* Place of work.

Evidence of the circumstances in which a janitor, who previously had been employed by a former owner of a building, upon returning after an interval to work there again when employed by a subsequent owner, felt his way down a ramp to the cellar in darkness caused by an electric light not working and fell when he stepped on a piece of iron pipe, and of occasions when the new owner had visited the ramp in the cellar within a week before such accident, would have warranted a finding of negligence of the new owner toward the janitor and did not require a ruling that the janitor was guilty of contributory negligence.

TORT OR CONTRACT.   Writ in the Superior Court dated April 11, 1946.

The action was tried before *Brogna,* J., only on a count alleging in substance that the plaintiff, while lawfully on premises of the defendant and at its invitation to perform certain work, sustained injuries as described in the opinion through negligence of the defendant.

*I. Bloom,* for the plaintiff.

*J. B. Sullivan,* for the defendant.

LUMMUS, J.   This is an action for personal injuries sustained by the plaintiff when he fell upon a piece of iron pipe in the cellar of a building of the defendant.   The judge directed a verdict for the defendant subject to the stipulation that if the plaintiff's exceptions should be sustained a "verdict" for the plaintiff for $400 should be entered. The case is here upon the plaintiff's exceptions to the direction of the verdict.

The evidence most favorable to the plaintiff tended to prove the following facts.   The plaintiff had been employed

as janitor by the former owner of the building, and as such tended the boilers in the cellar and became familiar with a wooden ramp or runway leading from a door at the sidewalk to the floor of the cellar. On September 30, 1945, the plaintiff ceased to be employed by the former owner, and went to work elsewhere. On October 11, 1945, the day of the accident, he was asked to resume his duties as janitor by the defendant. He went to the building about eight in the evening, and found that the electric light in the cellar would not work. He could see nothing, but felt his way with his hand on the wall until his feet went out from under him when he stepped on the iron pipe and fell, sustaining injuries. The iron pipe had been there for a week, and an officer of the defendant had visited the ramp and the cellar twice during that week, the first time being on October 8, 1945.

It could have been found that the defendant was negligent in not discovering and removing the iron pipe before the accident. It could have been found that the official of the defendant who visited the cellar twice during the week before the accident should have discovered and removed the pipe during his visits. The duty of the defendant was the same, whether the plaintiff was an employee or an independent contractor. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364, 365. *Wood* v. *National Theatre Co.* 311 Mass. 550, 551.

It could not be ruled as matter of law that the plaintiff was guilty of contributory negligence. The burden of proof of that was on the defendant. G. L. (Ter. Ed.) c. 231, § 85. The plaintiff was familiar with the premises, and although he was in darkness he used his hand on the wall to guide him. He had no reason to expect to encounter an iron pipe. His employment required him to enter the cellar to attend to the heating plant. The case is to be distinguished from those in which the plaintiff was groping in the dark in a strange place. *Osgood* v. *Therriault*, 290 Mass. 513, 516. *Story* v. *Lyon Realty Corp.* 308 Mass. 66, 71. *Smith* v. *Simon's Supply Co. Inc.* 322 Mass. 84, 85.

The plaintiff's exceptions are sustained. Since the stipulation now amounts to an agreement for judgment for the plaintiff in the sum of $400, judgment is to be entered accordingly.

*So ordered.*