MARY T. O'BRIEN *vs.* JOHN R. PETERSON.

Middlesex.    October 8, 1952. — November 6, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence*, Invited person, Hotel, One owning or controlling real estate, Contributory.

Evidence of the circumstances in which a woman guest of a summer seashore hotel, near which was a beach area used by bathers and for outdoor cooking on an oven and grill located there, went to such area on a summer evening for the purpose of cooking food and, while walking near the oven and grill, was injured by falling into a hole and striking a jagged piece of sewer pipe protruding from the bottom of

the hole, warranted findings that she was a business invitee of the proprietor of the hotel at the time and place of the accident and that the proprietor was negligent toward her, and did not require a ruling that she was guilty of contributory negligence.

TORT. Writ in the Superior Court dated July 10, 1946. The action was tried before *Smith*, J.

*Joseph W. Lobdell*, for the defendant.

*Francis J. Monahan*, for the plaintiff.

RONAN, J. The plaintiff, a guest at the defendant's summer hotel, was injured when she fell into a hole while walking along shore line property adjacent to the hotel at about nine o'clock on the evening of June 30, 1945. The plaintiff had a verdict, and the case is here upon the defendant's exception to the denial of a motion to direct a verdict for him.

The hotel faced the ocean and was located about three hundred feet away and upon a bluff about thirty feet above the water level. The land descended gradually from the hotel to the ocean, and a strip of this land adjacent to the ocean and extending on each end to a jetty was used by the defendant's guests for the purposes of a beach. There was only one path from the hotel running toward the beach. It was frequently used by the guests of the hotel. It was four or five feet wide with a clay surface, and when it reached a point two thirds of the way down to the beach it fanned out on both sides into level sand. On the right it levelled out into a sandy area fifty feet square on which were located a lobster shack about twenty feet square and a brick or stone fireplace four feet high and five feet wide with a grill top and an oven below the grill. The area about the shack and grill was commonly used by bathers. Parties of six or seven persons, some of whom were guests at the hotel, held "weenie roasts" so called on week ends during the summer of 1944 in this area. Such a roast was held on the afternoon of the accident and on the previous week end.

The plaintiff, intending to hold a roast at the oven in the evening of June 30, 1945, had secured the food and talked with the manager of the hotel from whom she had obtained

knives and a fork. The manager then talked with two employees who had heard his conversation with the plaintiff. They left the hotel and went to the vicinity of the oven where they began to collect material to build a fire in the oven. The plaintiff and her sisters went along the pathway, and while she was walking near the oven she fell into a hole four feet wide and three feet deep; as she fell she struck a jagged and broken piece of red clay sewer pipe which came out of the sand about a foot above the bottom of the hole.

The cooking of an outdoor meal of the kind contemplated by the plaintiff was not an unusual activity indulged in by those who visit beaches, especially where a grill is provided for their accommodation. The grill was located about two hundred fifty feet away from the hotel and but a short distance from the residence occupied by the defendant. Roasts were conducted by the guests of the hotel for such a period of time that the jury could find that the defendant knew or ought to have known of their occurrence. Moreover, the jury could infer that the manager of the hotel knew that the plaintiff planned to use the oven when he supplied her with the knives and fork immediately before she left for the oven and spoke with his employees who were to make the fire in the oven. In addition, the jury had before them evidence relating to the location of the oven with respect to the path and the hotel itself, and the nature of the defendant's business, and were warranted in finding, as they impliedly did, that the oven was held out by the defendant as one of the facilities for the use and enjoyment of his paying guests, that he intended it to be used by his guests, and that the plaintiff was thereby induced to proceed to the oven and the place of her accident. Whether the plaintiff was a business invitee at the time and place of her accident was properly submitted to the jury. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491. *Rosen* v. *Boston Symphony Orchestra, Inc.* 315 Mass. 732. *LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass. 702. *Watts* v. *Rhodes*, 325 Mass. 697. It was a question of fact whether there was a breach of the defendant's duty to exercise due care to keep

his premises in a reasonably safe condition for use by the plaintiff in accordance with the invitation, or to warn her of the dangers which were not known to her or which were not obvious to an ordinarily intelligent person and which were known or ought to have been known to the defendant. *Kelley* v. *Goldberg,* 288 Mass. 79. *Coates* v. *First National Stores Inc.* 322 Mass. 563.

The hole was located within a few feet of the oven and in a small area to which bathers had frequently resorted. The area had been used on the very afternoon of the accident and on the previous week end. There was nothing but darkness to conceal the existence of the hole. A jury could find that it had been formed by the discharge of the sewer pipe and that after it was made it would comprise a basin for the contents of the pipe, but there was no suggestion that the hole contained any water at the time of the accident. On the evidence, the jury could find that the hole had existed for such a period of time that the defendant knew or ought to have known of its presence in time to prevent the accident.

It could not be ruled as matter of law that there was contributory negligence upon the part of the plaintiff. There was evidence that the accident happened at about nine o'clock, daylight saving time, on a clear June evening. The hotel was lighted and its light was reflected from the water. The plaintiff could rely to a certain extent upon the performance by the defendant of his duty to her with respect to the condition of the premises. She could see the men gathering material for the fire. One could see the rocks and boulders on the shore if one was close enough to them. She could not see the surface of the ground. She walked slowly, "more or less feeling her way along." It "wasn't pitch dark. It wasn't so dark but what you could see." The issue of her negligence was rightly submitted to the jury. *Wills* v. *Taylor,* 193 Mass. 113. *Story* v. *Lyon Realty Corp.* 308 Mass. 66, 71–72. *Sodekson* v. *Lynch,* 314 Mass. 161, 166. *Donnelly* v. *Larkin,* 327 Mass. 287, 292–293. *McAvey* v. *Albany Realty Co.* 328 Mass. 310.

*Exceptions overruled.*