HOWARD CLARK PECKHAM vs. CAPITOL SPRINGFIELD
REALTY CO., INC.

Hampden.    September 23, 1954. — November 18, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or one having his
rights, Common door.  *Negligence*, Contributory.

A finding of breach of the duty of a landlord of an apartment building to
a tenant was warranted by evidence that the landlord knew at about
half past five one September afternoon that the central plate glass
portion of the outside door of the building was broken out, and that
he had taken no effective measures to guard against the resulting
hazard an hour and a half later when the tenant, not knowing that the
glass was not in place as it had been since his tenancy began, attempted
to go out through the door, pushed against what he thought was the
glass, and fell out upon the sidewalk and was injured; and the conduct
of the tenant could not be ruled to be contributory negligence as
matter of law.

TORT.    Writ in the Superior Court dated February 20,
1951.

The action was tried before *Broadhurst, J.*

*John F. Sullivan*, for the defendant.

*James F. Egan*, (*Charles V. Ryan, Jr.*, with him,) for the
plaintiff.

LUMMUS, J.    The plaintiff obtained a verdict in this ac-
tion of tort against his landlord to recover for personal in-
juries sustained by him on September 13, 1950, when he fell
through the empty frame of the outside door of the de-
fendant's apartment building in Springfield.    The only ex-
ception of the defendant is to the denial of its motion for a
directed verdict in its favor.

The evidence was substantially as follows.    The door
from the building to the sidewalk was three feet wide, con-
sisting of a wooden frame six inches wide enclosing a plate
glass central portion.    The door swung outward to the right.

The glass had been in the door ever since the plaintiff's tenancy began in 1933 and the defendant became the landlord in 1943. About half past five in the afternoon of the day of the accident the glass in the door was broken out to the knowledge of the servants of the defendant, and there was evidence, which the jury were not required to believe, that the door was fastened back to keep it open, but it did not remain open. At about seven o'clock in the evening of the day of the accident, the plaintiff, not knowing of the absence of the glass, attempted to go out through the door, pushed against what he thought was the glass, and fell out upon the sidewalk, sustaining bodily injuries.

It appears that the defendant or its servants knew of the absence of the glass for an hour and a half before the accident. Even if the time was insufficient to replace the glass in the door, the jury could find it sufficient to enable the defendant to fasten the door open firmly, or to board up the opening, or to place a warning sign upon the door. The jury could find that the defendant failed in its duty to use reasonable care in keeping the door as safe as it was or appeared to be when the plaintiff's tenancy began. *McAvey* v. *Albany Realty Co.* 328 Mass. 310, 314. The jury could find that the door without its glass panel constituted a hazard which the defendant failed to use reasonable care to remedy. *Kraus* v. *G. & E. Realty Co. Inc.* 241 N. Y. 566. *Kennett* v. *Yates,* 41 Wash. (2d) 558, 564. We see nothing in the conduct of the plaintiff that amounted to contributory negligence as matter of law. G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1.

*Exceptions overruled.*