Michaels *v.* McCarthy.

ROBERT MICHAELS *vs.* ARTHUR C. McCARTHY, trustee.

Suffolk.    April 4, 1960. — June 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Contributory, Elevator.

In an action of tort against the owner of a building for personal injuries sustained when the plaintiff fell down the shaft of an electrically operated freight elevator having at the ground floor a large, solid, heavy wooden door designed to bar entrance to the shaft when the elevator was at another floor, recovery was precluded as matter of law by the plaintiff's own conduct where it appeared that he arrived at such door with a companion in the early morning, opened it and took a "quick glance, a fast glance," at the shaft and saw no elevator there, turned around and said to his companion "come on," and then stepped into the shaft and fell to the bottom, and that he knew that at night the elevator was left at another floor and that for a period of weeks the elevator had been repeatedly out of order and something had been wrong with the door.

TORT. Writ in the Superior Court dated January 25, 1957.

The action was tried before *Brogna,* J.

*Thomas B. Shea,* for the plaintiff.

*Lee H. Kozol,* for the defendant.

COUNIHAN, J.    This is an action of tort to recover damages for personal injuries arising out of an accident in a building numbered 90 Wareham Street, Boston, on October 31, 1955, between 6:25 and 6:45 A.M., when the plaintiff fell into an elevator shaft. The action comes here upon the plaintiff's exception to the allowance of the defendant's motion for a directed verdict. There was no error.

We summarize the evidence in its aspect most favorable to the plaintiff. The defendant was the owner of this building and on the day of the accident was the lessor and George Adams and his mother Pauline (since deceased) were lessees of part of the fifth floor of the building in which they carried on a business under the name of the Adams Cloth Shrinking Works. The building consisted of

five stories, in the rear of which on the Wareham Street end there was an outside freight elevator about ten feet wide by ten feet deep. It was operated by electricity. It was moved by two cables, one to pull down to make the elevator go up and the other to pull up to make the elevator go down. On the ground floor was a large, solid, heavy wooden door and at each of the other floors there was a gate all of which were designed to act as barriers to the entrance to the elevator when it was at another floor level.

A significant clause in the lease reads, "The lessees are to use the freight elevator but as a freight elevator only in common with other tenants in the building, during the customary business hours as heretofore mentioned." In the beginning of the paragraph in which that clause appears, it is stated, "The lessor agrees to furnish to the lessees metered process steam during the hours of 8 A.M. to 5 P.M inclusive Monday through Friday inclusive and 8 A.M. to 1 P.M. inclusive Saturday." This last clause would appear to fix the "customary business hours."

The plaintiff had been employed by the lessees as an assistant to the examiner of materials since May, 1954. It was not part of his duties to carry freight up or down the elevator except occasionally when specifically instructed by his foreman or by George Adams to do so. At the time of the accident the plaintiff knew that this was a freight elevator but he did not intend to use it for the purpose of carrying freight. He knew that there was a large stairway which ran from the ground floor to the fifth floor. Outside of the elevator door on the ground floor was a cement platform about three and one half to four feet above the ground.

On the morning of the accident the plaintiff with a fellow employee, one Reil, arrived at the door to this elevator between 6:15 and 6:25 A.M. His working hours were from 7 A.M to 3:30 P.M. He knew of the stairway up to the fifth floor. The light over the elevator was not on but there was light from the nearby boiler room. He knew that at night the janitor would send the elevator to another floor. He opened the elevator door and took a "quick glance, a fast

glance,'' at the shaft and saw no elevator there. He knew that for a month before the accident the elevator was repeatedly out of order and that there was something wrong with the door. After he looked into the elevator shaft, he turned around and said to Reil ''come on,'' and then stepped into the shaft and fell to the bottom of it, sustaining injury.

The plaintiff contends that, because many people in the building frequently used this elevator as a passenger one, there was a waiver of the provision of the lease hereinbefore referred to. Although there was little if any evidence that the defendant knew of this use, we assume, without deciding, that there was evidence from which the jury could find such a waiver. The plaintiff also contends that the defendant failed in his duty to use reasonable care to maintain common approaches in as good condition as they were or appeared to be at the time of the letting.

We pass by these questions, as we are of opinion that the plaintiff's own conduct prevents recovery. ''In general, it may be said that he had a right to rely to some extent upon the expectation that the gate [or door] would be in its protective position if the elevator was not at the street floor. *McAvey* v. *Albany Realty Co.* 328 Mass. 310, 313, and cases cited. But in the circumstances known to the plaintiff, he could not so rely.'' *Jones* v. *Wood,* 330 Mass. 502, 506. In the instant case the plaintiff was aware for several weeks before the accident that the elevator door was not working properly. In addition he noticed that the elevator was not at the landing when he opened the door. He permitted his attention to be distracted when he turned around and spoke to Reil and without looking carefully he stepped into the elevator shaft and fell to the bottom of it. In our opinion this case is on all fours with *Jones* v. *Wood, supra.*

Evidential exceptions of the plaintiff have not been argued by the plaintiff in his brief, so we deem them to have been waived.

*Exceptions overruled.*