THOMAS F. CALLAHAN *vs.* JAMES E. BOUDREAU & another.

Worcester. January 9, 1963. — February 5, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Negligence,* Invited person, Guest, Gratuitous undertaking, Gross negligence. *Evidence,* Relevancy and materiality.

Evidence in an action did not warrant a finding that the plaintiff, who with his family dined at the defendant's home and who afterwards helped the defendant pile chimney bricks on the roof and was injured by falling while descending from the roof by means of a stepladder, was other than a social guest of the defendant or that the defendant was guilty of gross negligence. [405–406]

At the trial of an action to recover for personal injuries sustained in a fall at the defendant's home by the plaintiff, who, with his family, was invited for dinner, there was no error in the exclusion of evidence respecting the status of the plaintiff in the defendant's home on prior visits there. [405, 406]

TORT. Writ in the Superior Court dated May 20, 1960.

The action was tried before *Meagher,* J.

*William P. DeCarolis* for the plaintiff.

*John C. Burns* for the defendants.

REARDON, J. In this action of tort the judge directed a verdict for the defendants, subject to the plaintiff's exception. Exceptions were also alleged to certain exclusions of evidence by the judge having to do with the status of the plaintiff on prior visits to the home of the defendants.

There was evidence of the following. The defendants issued an express invitation to the plaintiff and his family for dinner at the defendants' home. Following dinner and while the plaintiff was "lying upon . . . [a] couch watching television," James Boudreau (the defendant) asked the plaintiff to "come on up to the roof and I will show you how far I am done with my chimney." To this request the plaintiff acceded and arrived on the roof having climbed up a trellis to which he gained access from a footstool. There-

after, the defendant asked the plaintiff to assist him by lifting bricks upon the roof and piling them at the base of the unfinished chimney. The defendant descended to the ground by means of an open stepladder and commenced passing bricks up to the plaintiff on the roof. After approximately twenty minutes on the roof the plaintiff commenced his descent. "He approached his descent by sitting on the edge of the roof of the breezeway with both feet extended toward the ladder and supported himself with his hands by holding onto the edge of the roof. . . . [He] then slowly slid his body from the edge of the roof toward the top of the ladder, [and] when one foot was placed on the top rung of the ladder he felt the ladder shake and wobble, was unable to return to the roof and he and the ladder were violently thrown to the ground." The ladder had seemed to be "an ordinary step ladder" when first observed by the plaintiff earlier, at which time it was in an open position directly beneath the breezeway roof. During a visit to the plaintiff in the hospital later, the defendant said to the plaintiff "that he should have gotten rid of the ladder a long time ago as he thought somebody was going to get hurt on it."

The plaintiff, who was, with his family, clearly only a social guest of the defendants, might have recovered upon proof of gross negligence. *Pandiscio* v. *Bowen*, 342 Mass. 435, 437–438, and cases cited. The evidence did not warrant a finding of gross negligence. There was no error in the exclusions of evidence by the judge to which the plaintiff took exception.

*Exceptions overruled.*