PAUL J. BROGIE vs. THEODORE VOGEL & another.

Middlesex.    February 3, 1965. — March 2, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* One owning or controlling real estate, Licensee, Guest, Contributory. *Conflict of Laws. Practice, Civil,* Variance, Amendment.

Substantive rights arising from personal injuries sustained in a house in another State are to be determined according to the law of that State in an action in Massachusetts.  [621]

In an action against the owners of a house in New Hampshire by a social guest therein, a finding that the defendants were negligent toward the plaintiff was warranted, and a finding that the plaintiff was guilty of contributory negligence was not required as matter of law, on evidence that after the plaintiff had hung up his coat behind a door opening onto an unlighted cellar stairway concealed by clothing hanging at its top, where it resembled a clothes closet, and while he was looking for a place to put his hat, he fell down the stairway and was injured, and that the defendants had not given him any warning "whether . . . [the place where he fell] was a closet or cellar stairway."  [621–622]

In an action by a social guest for injuries sustained in a fall down the cellar stairway in the defendants' house in New Hampshire, any minor discrepancy between allegations of the declaration that the plaintiff "was directed by . . . [a] defendant to a closet which was in reality the opening to a cellar stairway [and] that when . . . [the plaintiff] followed the directions . . . to hang his coat in said place he fell violently," and proof of failure of the defendants to warn him of the presence of the stairway was not prejudicial to the defendants; and it was appropriate for this court, upon overruling an exception by the defendants to the denial of a motion for a directed verdict, to allow a motion by the plaintiff to amend the declaration.  [622]

TORT.  Writ in the Superior Court dated June 3, 1960.

The action was tried before *Fairhurst,* J.

*Andrew G. Meyer* for the defendants.

*John M. Mullen* for the plaintiff.

CUTTER, J.  Brogie seeks to recover for personal injuries incurred when, while a social guest, he fell down cellar stairs in a house in Franklin, New Hampshire, owned by the Vogels.  The evidence most favorable to Brogie is set out below.

Brogie, his wife, and his wife's sister (Vogel's mother)

Brogie *v.* Vogel.

drove from Massachusetts to Franklin. They arrived in the early evening. Brogie and at least two Vogels left their coats in the kitchen. The Brogies and the Vogels then talked for a time in the living room. Other guests were expected and someone suggested that those present should hang up their coats before these guests arrived. Mr. and Mrs. Vogel, and the senior Mrs. Vogel, "all hung up their coats." Brogie hung his coat up behind a door in or near the dimly lighted kitchen. The light inside that door was not turned on although there was a light switch there. It was turned on after the accident by the younger Mrs. Vogel.

The door, instead of leading to a closet, led to the cellar stairs. "There was a hook arrangement on the back of the door extending out perhaps . . . ten inches used to store clothes which could have obscured the view of the steps to some degree. There were hooks in the cellarway for hanging clothes." It was possible that clothing was hanging on both sides of the cellarway. "On opening the cellar door one would see ski boots, shoes, and other objects on a shelf on the right side of the stairway," shown by photographs to have extended out about one foot over the stairs at the level of the kitchen floor.

As Brogie hung up his coat, he attempted to find a shelf on which to put his new hat. He "felt both sides of the closet. There . . . [were] clothes there. . . . I stepped in with my hat . . . . I put my hat in the closet. I found out it wasn't a closet. . . . I was at the foot of the stairs, cement floor. I went down the whole flight of stairs." No warning had been given to Brogie "whether that was a closet or cellar stairway."

The trial judge denied the Vogels' motion for a directed verdict based upon the pleadings and the evidence. The jury returned a verdict for Brogie. The only exception before us is that taken by the Vogels to the denial of the motion for a directed verdict.[1]

---

[1] It is not apparent why the parties felt it necessary to print long sections of the charge in the bill of exceptions where no exception was taken to the charge.

1. It was correctly agreed by counsel that the applicable substantive law was that of New Hampshire. In Massachusetts the substantive law governing an action of tort for physical injury is that of the place where the injury occurred. *Goodale* v. *Morrison,* 343 Mass. 607, 610. See *Gregory* v. *Maine Cent. R.R.* 317 Mass. 636, 639–640, in which it was said, ''What conduct constitutes contributory negligence . . . is a question . . . governed by the law of . . . [the State] where the injury happened. . . . But the law of the forum — Massachusetts — governs the procedural question of the burden of proof . . . . Whether the evidence conclusively shows . . . [failure of the plaintiff to exercise as much care as the ordinarily prudent man would exercise in like circumstances] is a procedural question to be determined according to rules of practice in force in Massachusetts.''

2. New Hampshire substantive law is more favorable to Brogie's position than that of Massachusetts. See *Hashim* v. *Chimiklis,* 91 N. H. 456, 457 (''The duty owed by the owner . . . of premises to a licensee is to give him reasonable information as to existing dangerous conditions, not open to his observation, of which the owner knows or should know. The licensee has the right to rely on a warning of risks which he may not, by the exercise of reasonable care, be expected to discover''); *Mitchell* v. *Legarsky,* 95 N. H. 214, 216 (social guest treated as a ''gratuitous . . . or bare licensee''); *Maxfield* v. *Maxfield,* 102 N. H. 101, 103; Restatement: (and Restatement 2d: [Tent. draft No. 5, April 8, 1960]), Torts, § 342. See also *Pickford* v. *Abramson,* 84 N. H. 446, 447–448 (door leading to cellar mistaken for entrance); *Deacy* v. *McDonnell,* 131 Conn. 101, 104. Compare the more strict substantive rule in Massachusetts concerning the limited duty owed to social guests, i.e. to refrain from acts of gross negligence. *O'Brien* v. *Shea,* 326 Mass. 681, 682. *Pandiscio* v. *Bowen,* 342 Mass. 435, 437. *Callahan* v. *Boudreau,* 345 Mass. 405, 406. In the circumstances, questions of fact for the jury were presented concerning (a) whether the Vogels should have taken precautions to avoid concealing the cellar stairs by clothes or

should have warned Brogie about the stairs, in view of the general resemblance of the upper part of the stairs to a clothes closet for which it was used, and (b) whether Brogie himself was in the exercise of due care. The trial judge could not properly have ruled that Brogie was guilty of contributory negligence as matter of law. See *Martin* v. *Reis,* 344 Mass. 32, 37; *Luz* v. *Stop & Shop, Inc. of Peabody, ante,* 198, 205. The jury would have been warranted in concluding that Brogie was not negligent in stepping into what appeared to be a dark or dimly lighted closet. See *Gordon* v. *Cummings,* 152 Mass. 513, 517–518; *Faxon* v. *Butler,* 206 Mass. 500, 504; *Story* v. *Lyon Realty Corp.* 308 Mass. 66, 71–72; *O'Brien* v. *Peterson,* 329 Mass. 427, 430; *Hubbard* v. *Palmer Russell Co.* 343 Mass. 414, 416–417; *Pickford* v. *Abramson,* 84 N. H. 446, 448–449; *Plume* v. *Couillard,* 104 N. H. 267, 269 (stairway in semi-darkness).

3. The Vogels contend that there was a fatal variance between the declaration and the proof. The declaration alleged that Brogie "was directed by . . . [a] defendant to a closet which was in reality the opening to a cellar stairway; [and] that when . . . [Brogie] followed the directions . . . to hang his coat in said place he fell violently." The jury could reasonably infer from the evidence that the Vogels, who hung up their coats first, led Brogie to the cellar door, so that in a sense they directed him to that door for the purpose. The breach of duty most readily attributable to the Vogels, however, is that they failed to warn Brogie. There was no prejudice, or reasonable possibility of prejudice, to the Vogels from any minor discrepancy between the declaration and the proof. See *Sandler* v. *Elliott,* 335 Mass. 576, 583, 589. The Vogels by the declaration were put fully on notice of the circumstances and premises concerning which proof was to be offered. Brogie, in any event, has filed a motion to amend, which (without deciding whether there was a significant variance) it seems to us appropriate to allow in this court. See G. L. c. 231, § 125; *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 180–181; *Sandler* v. *Elliott, supra,*

at p. 589. See also *Boston Plate & Window Glass Co.* v. *John Bowen Co. Inc.* 335 Mass. 697, 702; *Margolis* v. *Margolis,* 338 Mass. 416, 418; *Cheng* v. *Chin Wai Yip,* 339 Mass. 173, 175–176; *Owens* v. *Dinkins,* 345 Mass. 106, 108. Cf. *Berry* v. *Stone,* 345 Mass. 752, 754–755.

*Exceptions overruled.*