Richard A. SIBLEY, Jr., individually and as sole heir of the Estate of Richard A. Sibley, Deceased and as sole heir and Executor of the Estate of Katharine Sibley, Deceased, and Worcester County National Bank as Executor of the Estate of Richard A. Sibley, Deceased, Plaintiffs,

v.

KLM–ROYAL DUTCH AIRLINES (KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V.), and Pan American World Airways, Inc., Defendants.

No. 77 Civ. 5880.

United States District Court, S. D. New York.

Aug. 4, 1978.

Speiser & Krause, P. C., New York City, Backman, Katz & Levy, Boston, Mass., for plaintiffs; Charles F. Krause, Daniel F. Hayes, New York City, of counsel.

Condon & Forsyth, New York City, for defendant KLM–Royal Dutch Airlines; George N. Tompkins, Jr., Michael J. Holland, New York City, of counsel.

ROBERT J. WARD, District Judge.

Plaintiffs Richard A. Sibley, Jr. and Worcester County National Bank move for an order, pursuant to Rules 1 and 42(a), Fed.R.Civ.P., and Section 1.80 of the Manual for Complex Litigation, declaring that the Massachusetts wrongful death act, *Mass.Ann.Laws* ch. 229, § 2 (1974), applies in this action with regard to plaintiffs' claim for punitive damages against defendant KLM–Royal Dutch Airlines ("KLM").[1] For the reasons hereinafter stated, the motion is denied.

This is a diversity action to recover damages for the wrongful death of Richard A. Sibley, Sr.[2] ("the decedent"), a Massachusetts domiciliary, who was killed on March 27, 1977 when the Pan American World Airways, Inc. ("Pan Am") 747 aircraft on which he was a passenger collided with a KLM 747 aircraft on the airport runway at Santa Cruz de Tenerife, the Canary Islands, Spain. The action was commenced in the United States District Court for the District of Massachusetts. It was one of some 100 cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, for consolidated and coordinated pretrial proceedings. Plaintiff Richard A. Sibley, Jr. is the sole heir of the decedent. Plaintiff Worcester County National Bank is the executor of the decedent's estate. Both plaintiffs are Massachusetts domiciliaries. KLM is a Dutch corporation, with its principal place of business in the Netherlands.

The Court, plaintiffs, and KLM are all in agreement that the choice of law rules of Massachusetts, the state in which the transferor court is located, govern this diversity action. *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *In re Air Crash Disaster at*

---

1. Plaintiffs originally sought a similar ruling as to defendant Pan American World Airways, Inc. However, by letter dated June 19, 1978, plaintiffs' attorney informed the Court that plaintiffs had elected to withdraw their claim for punitive damages against that defendant.

2. The complaint also asserts a claim by plaintiff Richard A. Sibley, Jr. for the wrongful death of Katharine Sibley. However, the Court has been informed that that aspect of the litigation has been settled.

*Boston, Mass. on July 31, 1973,* 399 F.Supp. 1106 (D.Mass.1975); *see Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

It is plaintiffs' position that a Massachusetts court would employ a governmental interest analysis approach to choice of law in this case and apply the Massachusetts wrongful death act in its entirety. That statute provides for the awarding of punitive damages, in addition to compensatory damages, in wrongful death cases when the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant.[3] KLM agrees that a Massachusetts court would base its choice of law on an interest analysis, but contends that the court would conclude that Dutch law should be applied to the issue of punitive damages against KLM. Dutch law does not provide for the imposition of punitive damages in wrongful death cases.

Until recently, Massachusetts adhered strictly to the traditional *lex loci delicti* choice of law rule in tort cases, according to which all substantive aspects of a cause of action were governed by the law of the place where the injury occurred. *E. g., Brogie v. Vogel,* 348 Mass. 619, 205 N.E.2d 234 (1965); *Goodale v. Morrison,* 343 Mass. 607, 180 N.E.2d 67 (1962); *Trudel v. Gagne,* 328 Mass. 464, 104 N.E.2d 489 (1952); *Burke v. Lappin,* 1 Mass.App. 426, 299 N.E.2d 729 (1973). Under the traditional approach, the law to be applied to the issue of punitive damages here would be that of Spain, where the air crash occurred. Spanish law does not appear to provide for the recovery of punitive damages in wrongful death cases. Consequently, under traditional Massachusetts conflict of laws analysis, no punitive damages would be recoverable in this case.

However, two recent decisions of the Supreme Judicial Court of Massachusetts, *Pevoski v. Pevoski,* Mass., 358 N.E.2d 416 (1976), and *Saharceski v. Marcure,* Mass., 366 N.E.2d 1245 (1977), indicate that, at least in certain circumstances, Massachusetts will apply an interest analysis, rather than *lex loci delicti,* in making a choice of law.[4]

**3.** The Massachusetts wrongful death act provides in pertinent part:

A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted, . . . shall be liable in damages in the amount of: (1) the fair monetary value of the decedent to the persons entitled to receive the damages recovered, . . . including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered; (2) the reasonable funeral and burial expenses of the decedent; (3) *punitive damages in an amount of not less than five thousand dollars in such case as the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant . . .*
*Mass.Ann.Laws* ch. 229, § 2 (emphasis added).

**4.** In *Pevoski v. Pevoski,* the Court held that Massachusetts law governed the question of immunity from liability of a Massachusetts domiciliary sued by his wife to recover damages for injuries she incurred when the automobile in which she was a passenger and which her husband was driving collided with two other cars in New York. The Court stated:

. . . [W]e recognize that there also may be particular issues on which the interests of lex loci delicti are not so strong. Indeed on the particular facts of a case another jurisdiction may sometimes be more concerned and more involved with certain issues than the State in which the conduct occurred. . . . In this instance the economic and social impact of this litigation will fall on Massachusetts domiciliaries and a Massachusetts insurer. New York has an undoubted interest in enforcing its traffic laws and in making its highways safe for travel but it has no legitimate interest in regulating the interspousal relationships of Massachusetts domiciliaries who chance to be injured within its borders. 358 N.E.2d at 417.

In *Saharceski v. Marcure,* a Massachusetts domiciliary sued another Massachusetts domiciliary to recover damages for injuries sustained in an automobile accident which occurred while the parties were driving through Connecticut during the course of their employment by a Massachusetts corporation. Connecticut permitted suits between co-employees. Massachusetts did not. The Court held that

Plaintiffs argue that Massachusetts has the greatest interest in this case because both plaintiffs are Massachusetts domiciliaries, as was the decedent. These factors would be important if the question before the Court were which state's law to apply to the issue of compensatory damages. Massachusetts has a significant interest in ensuring that its domiciliaries are adequately compensated for their decedents' wrongful death, for if they are not, it is Massachusetts which will bear the responsibility for their welfare. *See, e. g., Reich v. Purcell,* 67 Cal.2d 551, 554–57, 63 Cal.Rptr. 31, 33–35, 432 P.2d 727, 729–31 (1967); *Long v. Pan American World Airways, Inc.,* 16 N.Y.2d 337, 341, 266 N.Y.S.2d 513, 516, 213 N.E.2d 796, 798 (1965); *cf. Pevoski v. Pevoski, supra,* 358 N.E.2d at 417 ("[T]he economic and social impact of this litigation will fall on Massachusetts domiciliaries . . ."). However, in performing an interest analysis, the Court must look to the particular issue in question to determine which state has the strongest interest in having its law applied. *See Pevoski v. Pevoski, supra,* 358 N.E.2d at 417, *quoting Babcock v. Jackson,* 12 N.Y.2d 473, 484, 240 N.Y.S.2d 743, 752, 191 N.E.2d 279, 285 (1963). The issue presently before the Court is the availability of punitive damages. Unlike compensatory damages, the purpose of punitive damages is not to restore the plaintiff, but rather to punish the defendant and to deter future wrongful conduct by the defendant and others. *E. g., Nader v. Allegheny Airlines, Inc.,* 167 U.S. App.D.C. 350, 512 F.2d 527, 549 (1975), *rev'd on other grounds,* 426 U.S. 290, 96 S.Ct. 1278, 48 L.Ed.2d 643 (1976); *Williams v.*

*City of New York,* 508 F.2d 356, 360 (2d Cir. 1974); W. Prosser, *Law of Torts* § 2, at 9 (4th ed. 1971); C. McCormick, *Law of Damages* § 77, at 275 (1935); *see Massachusetts Bonding & Ins. Co. v. United States,* 352 U.S. 128, 133, 77 S.Ct. 186, 1 L.Ed.2d 189 (1956); *id.* at 136, 77 S.Ct. 186 (Harlan, J. concurring); *Sullivan v. Hustis,* 237 Mass. 441, 130 N.E. 247 (1921); *Boott Mills v. Boston & M. R. R.,* 218 Mass. 582, 106 N.E. 680 (1914); *Ellis v. Brockton Pub. Co.,* 198 Mass. 538, 84 N.E. 1018 (1908).

As the Supreme Judicial Court of Massachusetts has recognized, the jurisdiction in which the accident occurred [5] has the predominant interest in the regulation of conduct.[6] *Pevoski v. Pevoski, supra,* 358 N.E.2d at 417. By contrast, no significant interest of Massachusetts would be promoted by the application of the punitive damages sanction of that state's wrongful death statute in this case because the alleged tortious conduct did not occur there. *See Henry v. Richardson-Merrill, Inc.,* 508 F.2d 28, 32–37 (3d Cir. 1975); *In re Paris Air Crash of March 3, 1974,* 399 F.Supp. 732, 744 (C.D. Cal.1975); *Babcock v. Jackson,* 12 N.Y.2d 473, 483, 240 N.Y.S.2d 743, 750–51, 191 N.E.2d 279, 284 (1963). Massachusetts has no interest in punishment since acts which occurred in the Canary Islands do not offend the people of Massachusetts. Therefore, Massachusetts has no interest in the vindication of its sovereignty. Nor will application of the punitive damages provision serve a deterrent purpose. It is not reasonable to expect that KLM or other potential defendants will conform their future conduct to Massachusetts standards when act-

Massachusetts law applied to this issue, indicating that the interest of Connecticut was no greater than that of New York in the *Pevoski* case. 366 N.E.2d at 1249. The Court also noted that the relationship between the parties was established in Massachusetts and that the parties' reasonable expectations were that Massachusetts law would govern the incidents of that relationship. *Id.* at 1248–49. In the present case, no relationship existed between plaintiffs' decedent, a passenger on the Pan Am plane, and defendant KLM prior to the fatal collision in Tenerife. Nor did the parties have any expectations as to which jurisdictions' laws would govern claims for damages arising

therefrom. *See Restatement (Second) of Conflict of Laws* § 145, Comment b (1971).

5. "Rules of the road are determined quite properly by the State in which these roads are located—by the jurisdiction having the strongest interest in regulating the conduct of drivers on these highways." *Pevoski v. Pevoski, supra,* 358 N.E.2d at 417.

6. Here that jurisdiction is Spain. However, as noted above, Spain would appear not to have chosen to regulate conduct through the imposition of punitive damages.

ing in the Canary Islands in order to avoid the slight risk of injuring Massachusetts domiciliaries there. Furthermore, application of the Massachusetts punitive damages provision would impair the clear and substantial interest of the Netherlands, where punitive .damages are not recoverable in wrongful death actions, in protecting its domiciliary KLM from excessive financial burdens. *See, e. g., Massachusetts Bonding & Ins. Co. v. United States, supra,* 352 U.S. at 136, 77 S.Ct. 186 (Harlan, J., concurring); *Hurtado v. Superior Court,* 11 Cal.3d 574, 584, 114 Cal.Rptr. 106, 112, 522 P.2d 666, 672 (1974). Because application of the Massachusetts punitive damages provision would advance no interest of Massachusetts and would impair a significant interest of the Netherlands, the Court concludes that a Massachusetts court employing an interest analysis would not apply the punitive damages provision in this case.

Plaintiffs also argue that the Massachusetts wrongful death act is an integrated statute intended to be applied *in toto.* Assuming that, based on an interest analysis, the Massachusetts statute would govern the measure of plaintiffs' recovery for compensatory damages in this case, the Court is not convinced that it would be obliged to apply the punitive damages provision as well. There is nothing on the face of the statute nor any legislative history [7] which suggests such a legislative intent. Therefore, the Court sees no reason to deviate from the proper issue-by-issue approach to interest analysis recognized by the Supreme Judicial Court of Massachusetts in *Pevoski. See* 358 N.E.2d at 417, *quoting Babcock v. Jackson,* 12 N.Y.2d 473, 484, 240 N.Y.S.2d 743, 752, 191 N.E.2d 279, 285 (1963).

Accordingly, the Court concludes that the Massachusetts wrongful death act does not apply with regard to the punitive damages issue herein. Plaintiffs' motion is, therefore, denied.

It is so ordered.

---

7. Plaintiffs have submitted a letter from Alan D. Sistisky of the Massachusetts Senate Judiciary Committee which states that the intent of the Massachusetts legislature was "to provide an integrated statutory scheme whereby the survivors, in appropriate cases, would be entitled not only [to] compensatory damages, but punitive damages as well." However, the Court does not consider Mr. Sistisky's statement, solicited for purposes of this litigation, more than four years after the enactment of the statute, to be persuasive evidence of legislative intent. Moreover, the Court believes that the non-application of the punitive damages provision in this case is consistent with the purported legislative intention that punitive damages be recoverable "in appropriate cases."

Because Massachusetts has no interest in the imposition of a penalty against KLM for conduct which occurred in the Canary Islands, application of the punitive damages provision in the present case would be inappropriate.