Joan K. JACKSON and John A. Hackett, Plaintiffs,

v.

KONINKLIJKE LUCHTVAART MAAT-SCHAPPIJ N. V. a/k/a KLM–Royal Dutch Airlines, a Corporation and The Boeing Company, a Corporation, Defendants.

Carla JOHNSON and Robert Polin, Plaintiffs,

v.

KONINKLIJKE LUCHTVAART MAAT-SCHAPPIJ N. V. a/k/a KLM–Royal Dutch Airlines, a Corporation and The Boeing Company, a Corporation, Defendants.

Suzanne C. DONOVAN and Jeffrey B. Rettig, Plaintiffs,

v.

KONINKLIJKE LUCHTVAART MAAT-SCHAPPIJ N. V. a/k/a KLM–Royal Dutch Airlines, a Corporation and The Boeing Company, a Corporation, Defendants.

Nos. 77 Civ. 5867 RJW, 78 Civ. 1121 RJW and 78 Civ. 254 RJW.

United States District Court, S. D. New York.

Nov. 8, 1978.

---

F. Lee Bailey, Boston, Mass., and Aaron J. Broder, New York City, for plaintiffs; Aaron J. Broder, New York City, of counsel.

Condon & Forsyth, New York City, for defendants; George N. Tompkins, Jr., New York City, of counsel.

ROBERT J. WARD, District Judge.

Defendant KLM–Royal Dutch Airlines ("KLM") moves to dismiss the punitive damage claims in these actions pursuant to Rules 12(b)(6), 12(c), and 56, Fed.R.Civ.P. For the reasons hereinafter stated, the motions are granted.

These diversity actions to recover damages for personal injuries arise from the air crash on March 27, 1977 involving a Pan American World Airways, Inc. 747 aircraft, on which plaintiffs Joan K. Jackson, Carla Johnson and Suzanne C. Donovan [1] were working as flight attendants, and a KLM 747 aircraft on the airport runway at Santa Cruz de Tenerife, the Canary Islands, Spain. The actions, which were all commenced in the United States District Court for the Central District of California, are among some one hundred cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, for consolidated and coordinated pretrial proceedings. The issue before the Court in all three cases is which jurisdiction's law applies to determine whether punitive damages may be assessed against KLM.[2]

---

1. Plaintiffs John A. Hackett, Robert Polin, and Jeffrey B. Rettig are the husbands of Joan K. Jackson, Carla Johnson and Suzanne C. Donovan, respectively. These plaintiffs have assert-

ed claims for the loss of "the aid, assistance, comfort, services and society" of their wives.

2. The issue presented here was recently before this Court in *Sibley v. KLM–Royal Dutch Air-*

■■ It is well settled that the choice of law rules of the state in which the action was commenced govern in federal diversity actions. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *In re Air Crash Disaster at Boston Mass. on July 31, 1973,* 399 F.Supp. 1106 (D.Mass.1975); *see Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (§ 1404 transfer). Since these actions were all filed in the Central District of California, this Court is bound to apply California's choice of law principles.

■■ California courts adhere to an interest analysis approach to choice of law under which that state's law is normally applied unless a party demonstrates that a foreign state has a greater interest in the application of its law to the issue in question. *Hurtado v. Superior Court,* 11 Cal.3d 574, 579–81, 114 Cal.Rptr. 106, 109–10, 522 P.2d 666, 669–70 (1974) (en banc). KLM asserts that the Netherlands, the place of KLM's incorporation and its principal place of business, and Spain, the country in which the accident occurred, are the only jurisdictions with a significant interest in the issue of punitive damages. Neither the Nether-

lands nor Spain provides for the imposition of punitive damages in personal injury actions. Plaintiffs contend, however, that their respective domiciles, New York, Pennsylvania, and Tennessee,[3] under whose laws punitive damages are allegedly recoverable,[4] have the greatest interest in the punitive damages issue. Neither side suggests that California law is applicable here.

■■ The purpose of punitive damages is to punish the defendant and to deter future wrongful conduct by the defendant and others. *Templeton Feed & Grain v. Ralston Purina Co.,* 69 Cal.2d 461, 469, 72 Cal.Rptr. 344, 349, 446 P.2d 152, 157 (1968) (en banc); *In re Paris Air Crash of March 3, 1974,* 427 F.Supp. 701, 706 & n.10 (C.D.Cal. 1977). Plaintiffs believe that their domiciliary states have the greatest interest in punishing and deterring tortious acts committed against their citizens. However, the California Supreme Court has recognized that the interest in regulation of conduct in tort cases is primarily local in character, and is the concern of the jurisdiction in which the conduct occurred. *See Hurtado, supra,* 11 Cal.3d at 573–74, 114 Cal.Rptr. at 112, 522 P.2d at 672; *Reich v. Purcell,* 67 Cal.2d 551, 556, 63 Cal.Rptr. 31, 34, 432 P.2d

*lines,* 454 F.Supp. 425, a wrongful death action arising from the Tenerife air crash. Plaintiffs in *Sibley,* who commenced their action in the District of Massachusetts, contended that a Massachusetts court would apply the Massachusetts wrongful death act, including its punitive damage sanction, to their case. They argued that a Massachusetts court would employ an interest analysis approach to choice of law and that, in so doing, it would conclude that Massachusetts, as the state of plaintiffs' and the decedent's domicile, had the greatest interest in the punitive damages issue. It was also their position that the Massachusetts wrongful death act was an integrated statute which, once found applicable to the issue of compensatory damages, would be applied *in toto.* This Court concluded, however, that a Massachusetts court would not apply its wrongful death statute to impose punitive damages against KLM. *Sibley v. KLM–Royal Dutch Airlines,* 454 F.Supp. 425 (S.D.N.Y.1978). Although the Court must apply the choice of law rules of California, not Massachusetts, to the instant cases, the reasoning of this decision is akin to that of *Sibley,* since California also follows an

interest analysis approach to choice of law problems.

3. Carla Johnson and Robert Polin are New York domiciliaries, Suzanne C. Donovan and Jeffrey B. Rettig are Pennsylvania domiciliaries, and Joan K. Jackson and John A. Hackett are domiciliaries of Tennessee.

4. However, New York, for example, will not impose punitive damages on a corporation unless persons in authority within the corporate structure have ordered, participated in, or ratified outrageous conduct. *Doralee Estates v. Cities Service Oil Co.,* 569 F.2d 716, 721–22 (2d Cir. 1977); *Roginsky v. Richardson-Merrell, Inc.,* 378 F.2d 833, 842 (2d Cir. 1967). Moreover, the Second Circuit, noting that the types of cases in which punitive damages have been awarded in New York are ones in which the number of plaintiffs is likely to be few, has questioned whether a New York Court would adopt a rule allowing punitive damages in a situation such as this one, where there are hundreds of plaintiffs. *Roginsky, supra,* 378 F.2d at 838–41.

727, 730 (1967) (en banc); *accord, Babcock v. Jackson,* 12 N.Y.2d 473, 483, 240 N.Y.S.2d 743, 750–51, 191 N.E.2d 279, 284 (1963). Here that jurisdiction is Spain.

 Moreover, the domiciliary states have no significant interest in imposing punitive damages in these cases because the conduct in question did not occur there.[5] *Henry v. Richardson-Merrell, Inc.,* 508 F.2d 28, 32–37 (3d Cir. 1975) ("An alternate purpose of torts suits is to exact compensation from the tortfeasor in order to deter future misconduct. Where the tortious activity took place wholly outside of [the state], however, that policy could not be fostered." *Id.* at 33); *Babcock, supra,* 12 N.Y.2d at 483, 240 N.Y.S.2d at 750–51, 191 N.E.2d at 284 (1963) ("Where the defendant's exercise of due care . . . is in issue, the jurisdiction in which the allegedly wrongful conduct occurred will usually have a predominant, if not exclusive, concern."); *see Hurtado, supra,* 11 Cal.3d at 573–74, 114 Cal. Rptr. at 112, 522 P.2d at 672; *Reich, supra,* 67 Cal.2d at 556, 63 Cal.Rptr. at 34, 432 P.2d at 730; *In re Paris Air Crash of March 3, 1974,* 399 F.Supp. 732, 744 (C.D.Cal.1975).

Spain's policy of not imposing punitive damages in tort cases reflects its judgment that its interest in protecting the financial security of those doing business in Spain, such as KLM, *Hurtado, supra,* 11 Cal.3d at 585, 114 Cal.Rptr. at 113, 522 P.2d at 673, outweighs its interest in imposing punitive damages as a means of regulating conduct. The Netherlands, KLM's place of incorporation and principal place of business, has a similar interest in protecting KLM from excessive financial burdens. *Id.* at 580–81, 584, 114 Cal.Rptr. at 110, 112, 522 P.2d at 670, 672; *Reich, supra,* 67 Cal.2d at 556, 63 Cal.Rptr. at 35, 432 P.2d at 731; *In re Paris Air Crash, supra,* 399 F.Supp. at 743. The interests of Spain and the Netherlands are accentuated under present circumstances, where hundreds of damage claims have been asserted against KLM. *Compare Ro-*

*ginsky v. Richardson-Merrell, Inc.,* 378 F.2d 832 (2d Cir. 1967).

 Because application of the laws of plaintiffs' domiciliary states would advance no substantial interest of those states and would impair significant interests of Spain and the Netherlands, the Court concludes that a California court would apply the law of Spain or the Netherlands to the punitive damages issue herein.

Accordingly, KLM's motions to dismiss the punitive damages claims are granted.

It is so ordered.

---

**5.** None of the cases cited by plaintiffs in which California has applied the law of the plaintiffs' domiciliary state is persuasive authority to the contrary, since the interests of such states vis-a-vis the other concerned jurisdictions in those cases are not comparable to the interests involved in the present cases.