MINNIE S. GOODALE *vs.* JAMES F. MORRISON, administrator (and a companion case[1]).

Middlesex. November 7, 1961. — February 12, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Motor Vehicle,* Operation. *Negligence,* Violation of law, Motor vehicle. *Conflict of Laws. Practice, Civil,* Requests, rulings and instructions; Exceptions: whether error shown. *Error,* Whether error shown.

Substantive rights arising from an automobile accident occurring in another State are to be determined according to the law of that State in an action in Massachusetts. [610]

A trial judge in an action should give proper instructions in response to a request presenting a substantive issue and not merely the legal effect of a fragment of the evidence on an issue. [611]

A violation of New Hampshire Rev. Sts. c. 263, § 32, by driving a motor vehicle across and to the left of an unbroken painted line marked on a highway in circumstances not within the exceptions stated in the statute is more than mere evidence of negligence; it gives rise per se to a right of action against the operator for injury proximately caused thereby. [611–612]

---

[1] The companion case is by Nancy Louise Goodale against the same defendant.

Goodale *v.* Morrison.

The fact that in a bill of exceptions in an action there was no statement that the bill contained all the material evidence did not preclude sustaining the exceptions where the bill set forth enough to show prejudicial error in the charge.   [612]

Two ACTIONS OF TORT.  Writs in the District Court of Newton dated May 28, 1959.

Upon removal to the Superior Court the actions were tried together before *Kirk, J.*

*Stephen P. Weston, (Clement J. Redmond* with him,) for the plaintiffs.

*William F. Meara, Jr.,* for the defendant.

WILKINS, C.J.   On July 6, 1957, the plaintiffs in these actions of tort for personal injuries were passengers in an automobile owned and operated by Louise W. Morrison, the defendant's intestate, on U. S. Route 4 in Grafton, New Hampshire.   There was a collision with another automobile in which the plaintiffs were hurt, and the defendant's intestate received injuries as a result of which she died thirteen days later.   The cases were referred to an auditor, findings of fact not to be final.   He found for the plaintiffs. The cases were then tried to a jury, who returned verdicts for the defendant.   The plaintiffs allege exceptions to the charge.

The findings which the jury could have made may be briefly stated, as the basic facts are not, and hardly could be, questioned.   The accident occurred about 5:15 P.M. on a dry, sunny day.   At the scene Route 4 runs north and south.   Going northerly there is a downgrade, "going southerly you come upgrade around a slight curve."   It was a hard surfaced road about twenty-three feet wide divided by a continuous yellow center line as it skirts almost perpendicular cliffs on the easterly side close to the edge of the road and a precipitous unguarded embankment dropping off to railroad tracks on the westerly side.

The plaintiff Minnie S. Goodale and her minor granddaughter Nancy were vacation guests at the Morrison summer home in Grafton, and the six occupants of the Morrison car were returning from a shopping trip to Lebanon.   On

the front seat with the defendant's intestate (hereinafter sometimes called the defendant) was her daughter Sally. The plaintiffs were on the back seat with the defendant's sister-in-law, who was holding her small son on her lap. There were two single lines of traffic moving in opposite directions. Coming north, and second in the other line of traffic, was a convertible coupe driven by one Avis Sargent near the center line on her right side of the road. Suddenly without warning the Morrison car swerved diagonally across the road and across the yellow line. The left front struck the left front of the Sargent car pushing it back off the road so that its right rear was against the ledge. The Sargent car had not changed course, but the Morrison car, which had been traveling about ten feet from the center line, suddenly changed course, and after striking the Sargent car kept on in a diagonal direction six or seven feet and came to a stop with its right front end four or five feet over the yellow line to the left of the road at a forty-five degree angle with it. The Morrison car stopped almost parallel with the other car. Both cars were badly damaged, and the left front tire of each was flat. No one could offer any explanation for the Morrison car changing course. The defendant herself stated that she did not know what happened. There has been no question raised as to unreasonable speed by the defendant or as to contributory negligence. Indeed, the judge rightly charged that contributory negligence could not properly be found.

The judge took judicial notice of the law of New Hampshire. G. L. (Ter. Ed.) c. 233, § 70. Under that law a gratuitous guest passenger may recover against an operator for injuries caused by ordinary negligence. *Hall* v. *Hamel,* 244 Mass. 464. A material statute is N. H. Rev. Sts. c. 263, § 32, which provides for painted lines on highways and, in part, contains this sentence: "When the single center line highway marking method is used, no operator of a motor vehicle shall, while proceeding along a highway, drive any part of such vehicle to the left of nor across an unbroken painted line marked on the highway by order of

or with the approval of the said commissioner, except as herein otherwise provided, and when the barrier line highway marking system is employed, no operator of a motor vehicle shall, while proceeding along a highway drive any part of such vehicle to the left of nor across an unbroken painted line marked on the highway in such operator's lane by order of or with the approval of said commissioner except (1) in an emergency, or (2) to permit ingress or egress to side roads or property adjacent to the highway, or (3) in case such operator has an unobstructed view and can see the end of the said unbroken painted line.''

The judge correctly charged the jury that the law of New Hampshire governs the rights of the parties. With reference to the statute just quoted he charged: ''It is incontrovertible . . . that the vehicle of which Mrs. Morrison was the operator did cross the yellow line in the center of the roadway and thereby came into collision with a car which was proceeding on its own right in the opposite direction. . . . [I]n brief, the law says: Don't cross the center line which is marked upon the public highway. It seems to be beyond dispute that the Morrison car did cross the unbroken line. The fact that the statute was violated is evidence of negligence on the part of the person who violated it. It is not conclusive evidence of negligence, because inquiry must be made and should be made as to all the attending circumstances.'' The judge then suggested several such circumstances: a child darting between cars; a heart attack on the part of the operator; and rocks being thrown. The charge continued: ''Now, I cite these instances just to show the reasonableness of the rule of law that the crossing of the line . . . is evidence of negligence. It is not conclusive evidence of negligence. It may warrant the jury in finding that there was negligence, but it does not require the jury to find that there was negligence.''

After the jury had been out two hours, they sent a communication to the judge which read, ''Does the fact that the defendant crossed the solid line on the road constitute negligence, where no evidence has been introduced to explain

why?'' The judge then charged the jury substantially as before.[1]

The further instructions were given in the absence of counsel, who filed a written statement of exception on the same day. Rule 72 of the Superior Court (1954).

At the conclusion of the charge the plaintiffs had excepted to the failure of the judge to give their ninth request, which included a citation of *Lavigne v. Nelson,* 91 N. H. 304. The defendant contends that this request was not embraced within the exception, and that it was a violation of the fragment doctrine. See *Barnes v. Berkshire St. Ry.* 281 Mass. 47, 50–51. We need not analyze these instructions too closely. The question is substantially the same as that presented by the exception to the further instructions. There was no violation of the fragment doctrine. A substantive issue was brought to the attention of the judge, who should have given appropriate instructions. *Bergeron v. Forest,* 233 Mass. 392, 402. *Higgins v. Pratt,* 316 Mass. 700, 711–712. *M. DeMatteo Constr. Co. v. Commonwealth,* 338 Mass. 568, 587–588.

We are of opinion that there was error in the charge. There is a fundamental difference from our law in the law of New Hampshire. In *Bresnahan v. Proman,* 312 Mass. 97, the defendant had allowed his automobile to stand on the plaintiff's right hand lane on a New Hampshire highway without a lighted tail light as required by a New Hampshire statute. In upholding the trial judge's refusal to direct a verdict for the defendant this court said in an opinion by Mr. Justice Qua (p. 99): ''As we understand the law of New Hampshire, violation of the statute is more than mere evidence of negligence. It is in itself a breach of duty upon which a cause of action may be rested if it causes injury. *Johnson v. Boston & Maine Railroad,* 83

---

[1] ''On that point I merely have to say this: The burden of proof to establish negligence of the defendant is upon the plaintiff. The fact that the defendant's vehicle did cross the solid line is evidence of negligence, but it is not negligence in and of itself. The fact the defendant's vehicle did cross the solid line may warrant the jury in finding that there was negligence, but it does not require the jury to find that there was negligence.''

N. H. 350.  *Fontaine* v. *Charas,* 87 N. H. 424, 426.  *Putnam* v. *Bowman,* 89 N. H. 200, 202–203.  See *Eastman* v. *Herrick,* 87 N. H. 58.  The statute prescribed the standard of duty owed by the defendant at the time and place of the accident, and that standard must control wherever the case is tried.  *Peterson* v. *Boston & Maine Railroad,* 310 Mass. 45, 47–48.''

In the case at bar the statute fixed the standard of duty. If there was no evidence of any reason for the car swerving over the yellow line, no occasion existed for speculating as to possible explanations which the evidence did not disclose. The defendant argues that it cannot be assumed that there was no evidence to explain why the Morrison car crossed the center line.  In this connection we note that there is no statement in the bill of exceptions that it contains all the evidence.  *Perry* v. *Hanover,* 314 Mass. 167, 169.  *Irving* v. *Bonjorno,* 327 Mass. 516, 518.  *Schnepel* v. *Kidd,* 332 Mass. 137, 138.  It contains enough to show that there was error in the charge.  *Swistak* v. *Paradis,* 288 Mass. 377, 380. *Realty Developing Co. Inc.* v. *Wakefield Ready-Mixed Concrete Co. Inc.* 327 Mass. 535, 537.  This is not a case in which to confine the new trial to the question of damages.

*Exceptions sustained.*