JULIETTE G. PEVOSKI *vs.* JOSEPH J. PEVOSKI.

Berkshire.    September 14, 1976. — November 18, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Conflict of Laws.    Husband and Wife.    Actionable Tort.*

In an action of tort by a wife against her husband arising out of an
    automobile accident in New York which involved three cars regis-
    tered and insured in Massachusetts, and operated by Massachusetts
    residents, the law of Massachusetts was applied to determine the
    issue of interspousal immunity. [359-361]
In an action of tort by a wife against her husband arising out of an
    automobile accident which occurred prior to the decision in *Lewis*
    v. *Lewis* 370 Mass. 619 (1976), eliminating the doctrine of interspou-
    sal immunity, this court applied the principle of the *Lewis* case and
    declared it applicable to similar claims which had not been disposed
    of by settlement or judgment or barred by the running of the statute
    of limitations. [361-362] QUIRICO, J., concurring.

TORT.    Writ in the Superior Court dated August 7, 1973.

The action was heard by *Cross*, J., on a motion for sum-
mary judgment.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Robert M. Fuster* for the plaintiff.
*John D. Lanoue* for the defendant.

REARDON, J.    The plaintiff and the defendant are hus-
band and wife. On August 8, 1971, their car was involved
in a three-car collision in New York State. It would appear
that the Pevoski automobile (and apparently the other
two as well) was registered, insured and garaged in this
Commonwealth, and all three vehicles were operated by
Massachusetts residents. The wife, a passenger in the car
driven by her husband, instituted an action against him
seeking damages for injuries sustained in the accident. The
husband's motion for summary judgment on the ground of

interspousal tort immunity was granted by a judge of the Superior Court. This action is now challenged in the wife's appeal.

Two questions are presented: first, whether Massachusetts or New York State law (allowing interspousal tort actions) applies to the wife's action, and, second, whether the result of *Lewis* v. *Lewis,* 370 Mass. 619 (1976), applies retroactively to causes of action arising prior to the date of that decision.

The substantive law of New York State regarding interspousal actions is set forth in New York General Obligations Law § 3-313(2) (McKinney 1964): "A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury ... or resulting in injury to her property, as if they were unmarried, and she is liable to her husband for her wrongful or tortious acts resulting in any such personal injury to her husband or to his property, as if they were unmarried." If New York law applies, this action clearly may be maintained and the grant of summary judgment must be reversed.

We are thus confronted at the outset with a question of the choice of applicable law. In this Commonwealth, lex loci delicti has been firmly established as the general tort conflicts rule. See, e.g., *Brogie* v. *Vogel,* 348 Mass. 619 (1965); *Goodale* v. *Morrison,* 343 Mass. 607 (1962); *Murphy* v. *Smith,* 307 Mass. 64 (1940). This rule has provided, and will continue to provide, a rational and just procedure for selecting the law governing the vast majority of issues in multi-State tort suits. For example, in motor vehicle torts such as the one at bar standards of negligence will be appropriately furnished by the law of the jurisdiction in which the accident occurred. Rules of the road are determined quite properly by the State in which these roads are located — by the jurisdiction having the strongest interest in regulating the conduct of drivers on these highways.

But we recognize that there also may be particular issues on which the interests of lex loci delicti are not so

strong. Indeed on the particular facts of a case another jurisdiction may sometimes be more concerned and more involved with certain issues than the State in which the conduct occurred. "[T]here is no reason why all issues arising out of a tort claim must be resolved by reference to the law of the same jurisdiction. Where the issue involves standards of conduct, it is more than likely that it is the law of the place of the tort which will be controlling but the disposition of other issues must turn, as does the issue of the standard of conduct itself, on the law of the jurisdiction which has the strongest interest in the resolution of the particular issue presented." *Babcock* v. *Jackson,* 12 N.Y.2d 473, 484 (1963). In this instance the economic and social impact of this litigation will fall on Massachusetts domiciliaries and a Massachusetts insurer. New York has an undoubted interest in enforcing its traffic laws and in making its highways safe for travel but it has no legitimate interest in regulating the interspousal relationships of Massachusetts domiciliaries who chance to be injured within its borders.

*Babcock* v. *Jackson, supra,* indicates clearly that the State of New York would assert no interest on the facts of this accident. That case involved a New York passenger injured by the alleged negligence of her host driver, also a resident of New York. The accident occurred in the Province of Ontario, Canada, which at that time had a guest statute barring recovery by the guest. New York law recognized no such disability. The Babcock court, at 483, speaking through Judge Fuld, held that as to the status of the guest "it is New York, the place where the parties resided, where their guest-host relationship arose and where the trip began and was to end, rather than Ontario, the place of the fortuitous occurrence of the accident, which has the dominant contacts and the superior claim for application of its law. Although the rightness or wrongness of [the] defendant's conduct may depend upon the law of the particular jurisdiction through which the automobile passes, the rights and liabilities of the parties which stem from their guest-host relationship should remain

constant and not vary and shift as the automobile proceeds from place to place." Cf. *Clark* v. *Clark*, 107 N.H. 351, 357 (1966) (Kenison, C.J.).

We agree with the conflicts approach suggested by the *Babcock* case and thus conclude that the issue of interspousal immunity should be governed in the present case by the law of this Commonwealth. In determining the content of that law, our starting point must be this court's recent decision in *Lewis* v. *Lewis*, 370 Mass. 619, 629 (1976), where we concluded that "the common law rule of interspousal immunity ... should no longer bar an action by one spouse against another in a case such as the present one. We believe this result is consistent with the general principle that if there is tortious injury there should be recovery, and only strong arguments of public policy should justify a judicially created immunity for tortfeasors and bar to recovery for injured victims. ... We have examined the reasons offered in support of the common law immunity doctrine and, whatever their vitality in the social context of generations past, we find them inadequate today to support a general rule of interspousal tort immunity."

We find that the factors which mandated this result in the *Lewis* case are equally compelling in the present action. The *Lewis* case eliminated the anachronism of interspousal immunity. We see no sound reason why the principle of the *Lewis* case should not apply to similar claims which have not been disposed of by settlement or judgment or by the running of the statute of limitations. Recognizing the availability of medical payments coverage and no-fault insurance in almost all interspousal motor vehicle claims, the application of the principle of the *Lewis* case to all existing interspousal motor vehicle claims should not have a substantial impact on the expectations of insureds or their insurers. Cf. *Bouchard* v. *DeGagne*, 368 Mass. 45, 49 (1975); *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153, 167 (1973). As in the *Bouchard* case, "we have no hesitancy in concluding that our decision will not in any serious way impair existing interests nor will any expecta-

tion be disappointed or any reliance be defeated." At 49. Cf. *Diaz* v. *Eli Lilly & Co., supra* at 167.

The order granting the defendant's motion for summary judgment is reversed and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

QUIRICO, J. (concurring). I concur with the result reached by the court in this case. In doing so I avail myself of the first opportunity to express my opinion that the existence of interspousal liability, and the extent or limits thereof, should in no way be dependent on, or limited by, the existence of insurance covering the actions of the defendant spouse.

In *Sorensen* v. *Sorensen,* 369 Mass. 350, 352-353 (1975), this court said: "[W]e hold that in a tort action for negligence (a) arising from an automobile accident and (b) brought by an unemancipated minor child against a parent, the doctrine of parental immunity is abrogated *to the extent of the parent's automobile liability insurance coverage*" (emphasis supplied). In *Lewis* v. *Lewis,* 370 Mass. 619, 629-630 & n.4 (1976), abrogating interspousal immunity as "to claims arising out of motor vehicle accidents," this court said: "In *Sorensen* v. *Sorensen,* 369 Mass. 350, 352-353 (1975), in abrogating parental immunity in automobile tort cases we limited the liability to the extent of the parent's automobile liability insurance coverage. In the present case there is nothing in the record concerning the availability or the amount of the defendant's liability insurance, and we do not refer to insurance as a limiting factor in our holding. We do not interpret the logic (as opposed to the precise holding) of *Sorensen* as turning on the availability of insurance in each case, and we decline to limit liability in interspousal tort actions in such a fashion."

The opinion in the case decided today does not depend on whether the defendant husband's motor vehicle in which the plaintiff was riding when she was injured was

insured. That is consistent with the court's statement quoted above from the footnote in the *Lewis* case to the effect that "we decline to limit liability in interspousal tort actions" to situations covered by insurance. The same footnote contained a limited reference to the holding in the *Sorensen* case which abrogated parental immunity in automobile tort actions "to the extent of the parent's automobile liability insurance coverage," but it stopped short of disavowing the positing of liability in such cases on the existence of such coverage. I would now expressly disavow that part of the *Sorensen* holding which makes the existence of such insurance coverage a condition precedent to parental liability and limits recovery to the amount of such coverage. I believe that such an express disavowal is necessary so that we may henceforth treat the important subject of familial liability on its own merits without regard to extraneous factors such as the existence or absence of insurance in a particular case. Unless we do this we may next find ourselves faced with requests to abrogate the doctrine of governmental immunity or the remaining vestiges of the doctrine of charitable immunity on the claimed basis of the existence of insurance coverage in each particular case.