NEW HAMPSHIRE INSURANCE
v.
William D. FAHEY

No. 8595

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

March 3, 1981

Jean A. Nicolazzo for the plaintiff.
Frank T. Wojcik for the defendant.

Present: Cowdrey, P.J., Forte, J.

## OPINION

COWDREY, P.J. This is an action in tort in which the plaintiff, as insurer-subrogee, seeks to recover for vehicular property damage caused by the defendant. The defendant is the son of the plaintiff's insured and was an unemancipated minor at the time of the incident in question.

The defendant filed a motion to dismiss which was predicated primarily on the doctrine of parent-child immunity in tort. It was agreed that said motion should be treated as a Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment. Both parties stipulated to the relevant facts which may be summarized as follows:

The plaintiff issued a 1978 motor vehicle insurance policy to the defendant's father, William H. Fahey. Said policy contained a subrogation clause which provided that:

"in the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

On April 13, 1978 the defendant operated his father's vehicle without his father's consent, and negligently caused damage to the vehicle. The total amount of such damage was $1,763.52. This amount, less a $200.00 deductible, was remitted by the plaintiff to the defendant's father as the insured party. The defendant has no liability insurance coverage applicable to this accident.

The trial court granted the defendant's motion, and the plaintiff now claims to be aggrieved by such order.

As no material issue of fact appears to exist in the instant action, an order for summary judgment pursuant to Dist./Mun. Cts. R. Civ. P. 56 was an appropriate mechanism for the resolution of the parties' controversy. **Community Nat'l Bank v. Dawes, 369 Mass. 550 (1976).** The sole question for our review, therefore, is whether the trial court properly ruled that the doctrine of parent-child immunity was an effective bar to the plaintiff's claim so as to have required judgment for the defendant.[1]

We must answer this question in the affirmative in view of the Supreme Judicial Court's decision in **Sorenson v. Sorenson, 369 Mass. 350 (1975).** The Court explicitly stated therein:

"That in a tort action for negligence (a) arising from an automobile accident and (b) brought by an unemancipated minor child against a parent, the

---

[1] The relevance of the immunity doctrine herein derives from the plaintiff's status as insurer-subrogee. "The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created." DeLucia v. Pires, 52 Mass. App. Dec. 1, 7 (1973). See also, Provident Co-op. Bank v. James Talcott, Inc., 358 Mass. 180.

doctrine of parental immunity is **abrogated to the extent of the parent's automobile liability insurance coverage**" (emphasis supplied). *Sorenson, supra* at 352-353. The unequivocal import of the above underscored language compels the conclusion that the pre-*Sorenson* parent-child immunity doctrine continues to be operative in all cases, including the instant action, in which the family member defendant lacks the necessary liability insurance to cover the damages sought.

We note that the continued viability of insurance coverage as an absolute prerequisite to intra-family tort recovery is at best doubtful. In its 1976 abrogation of interspousal tort immunity, the Supreme Judicial Court stated that:

"We do not interpret the logic (as opposed to the precise holding) of **Sorenson** as turning on the availability of insurance in each case, and we decline to limit liability in interspousal tort actions in such a fashion."

Lewis v. Lewis, 370 Mass. 619, 630 fn. 4 (1976). Similarly, in a subsequent, concurring opinion in Pevoski v. Pevoski, 371 Mass. 358 (1976), Justice Quirico stated:

"I would now expressly disavow that part of the **Sorenson** holding which makes the existence of such insurance coverage a condition precedent to parental liability and limits recovery to the amount of such coverage. I believe that such an express disavowal is necessary so that we may henceforth treat the important subject of familial liability on its own merits without regard to extraneous factors such as the existence or absence of insurance in a particular case."

Pevoski v. Pevoski, *supra* at 363. The relevance and persuasive logic of this advisory dicta does not, however, either invalidate the **Sorenson** opinion as controlling precedent in this case or permit this Division, as an intermediate appellate tribunal, to substitute its judgment for that of the Supreme Judicial Court. Any further refinement of **Sorenson**, in the form of a complete abrogation of the parent-child immunity doctrine, should be undertaken by the judicial body or by the General Court.

Finally, we remain unconvinced by the plaintiff's efforts to avoid the operation of the immunity doctrine through a characterization of the instant suit as one other than in tort. Although the recovery sought is for property damages rather than for personal injuries, the plaintiff's claim sounds in tort for negligence arising from an automobile accident and is thus within the scope of the **Sorenson** rule.

The defendant's lack of liability insurance coverage precluded the plaintiff's recovery herein. The trial court properly entered summary judgment for the defendant.

There being no error, the report is dismissed.

So ordered.

**Elliott T. Cowdrey, P.J.**