Saleem AHMED, et al., Plaintiffs, Appellants,

v.

The BOEING COMPANY, Defendant, Appellee.

No. 83–1446.

United States Court of Appeals, First Circuit.

Argued Oct. 4, 1983.

Decided Nov. 3, 1983.

Rehearing Denied Nov. 23, 1983.

Wash., were on brief, for defendant, appellee.

Before COFFIN, Circuit Judge, GIBSON,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

The appellants in this case are relatives of twenty-two Pakistani citizens who were killed when their Pakistanian International Airline flight, en route from Jeddah, Saudi Arabia, to Karachi, Pakistan, crashed near Jeddah. Appellants brought suit in Massachusetts against Boeing, the Washington-based maker of the airplane. The district court accepted a carefully detailed recommendation from the magistrate to dismiss the suit, on grounds of *forum non conveniens,* provided that Boeing agree to appear as defendant in either Saudi Arabia or Pakistan, not to assert any statute of limitations defense other than those available if the case remained in Massachusetts, to make available witnesses and other evidence, and to pay any judgment rendered against it. The plaintiffs appeal this conditional dismissal.

This case is on all fours with *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). There, the Supreme Court reiterated the doctrine it had set forth in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), that

> when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case.

*Piper Aircraft Co. v. Reyno,* 454 U.S. at 241, 102 S.Ct. at 258. The *Piper* Court reiterated the list of "private interest factors" and

Robert Bordon, Everett, on brief, for plaintiffs, appellants.

Robert C. Gerrard, Boston, Mass., with whom Edward N. Perry, Washington, D.C., Bowker, Elmes, Perkins, Mecsas & Gerrard, Boston, Mass., Richard C. Coyle, Perkins, Coie, Stone, Olsen & Williams, Seattle,

* Of the Eighth Circuit, sitting by designation.

"public interest factors" that a court is to weigh in deciding whether to apply the *forum non conveniens* doctrine. And, it stated explicitly that the

> *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.

*Piper Aircraft Co. v. Reyno,* 454 U.S. at 257, 102 S.Ct. at 266.

The *Piper* Court found "reasonable" a district court decision to dismiss a tort action brought by relatives of British citizens killed when their American-made airplane crashed in Scotland. The Court reversed a court of appeals determination that less favorable substantive law warranted keeping the plaintiff's case in the United States.

We can find no material distinction between *Piper* and this case. As in *Piper,* the district court (and the magistrate) balanced the relevant factors. As in *Piper,* comparative witness and evidence availability, the place of the accident, the nationality of the victims, comparative judicial familiarity with the likely applicable law, all cut strongly in favor of trial abroad. As in *Piper,* the dismissal is conditioned upon the defendant facilitating that foreign trial.

The only difference appellants raise here consists of the fact that Pakistanian International Airlines has already paid to each of eighteen of the twenty-two plaintiffs 100,-000 Saudi riyals (approximately $30,000), known as the "diah" or "blood money," in "settlement" of their claim. This fact, according to appellants, means that this case presents what the *Piper* court called a "rare circumstance" in which "the remedy offered by the other forum is clearly unsatisfactory," where the foreign forum is, therefore, not "an adequate alternative." *Piper Aircraft Co. v. Reyno,* 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22.

We disagree with appellants, for we believe that the difference to which they point does not alter the result. For one thing, the "diah" payment is likely irrelevant to the choice of forums. There is strong reason to believe that a district court sitting in Massachusetts would have to apply foreign law, the same law that a Pakistani or Saudi Arabian court would apply, in determining the legal effect of the "diah" settlements. *Pevoski v. Pevoski,* 371 Mass. 358, 358 N.E.2d 416 (1976) (in tort cases Massachusetts generally follows doctrine of *lex loci delicti*); *Schulhof v. Northeast Cellulose, Inc.,* 545 F.Supp. 1200 (D.Mass.1982) (same).

More importantly, even if that were not so, the acceptance of this money, along with the consequent possibility that further claims are barred, is at most the sort of "change in the substantive" law that the *Piper* Court held not to be determinative. *Piper Aircraft Co. v. Reyno,* 454 U.S. at 247–55, 102 S.Ct. at 261–65. The *Piper* Court explicitly considered the fact that the law of Scotland, unlike that of the United States, likely prevented reliance upon a "strict liability theory" and provided for a "smaller" damages award. The Court held that such legal differences ordinarily should not "be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *Id.* at 247, 102 S.Ct. at 261.

This language suggests to us that the Supreme Court had in mind a narrow exception—an exception that, insofar as substantive law is concerned, would come into play where transfer to a foreign forum means application of a substantive law that is both different and basically unjust. Nothing to which plaintiff points suggests that such is the case in either Pakistan or Saudi Arabia. And, of course, if transfer means application of the same, or at least a reasonably fair, substantive law, then, the fact that the requirements of that law may have been fulfilled (say, by settlement) does not show the unavailability of either foreign remedy or forum.

In sum, given *Piper,* we cannot say that the district court abused its powers in finding that the 100,000 riyal "diah" did not

make the difference. The judgment of the district court is

*Affirmed.*