Cratsley, J.
Defendant, United Truck Center, Inc. (UTC), has filed a motion to establish Connecticut law as the applicable substantive law in this wrongful death case, Essex County Civil Action Number 91-204. The defendant argues that the substantive law of Connecticut is the applicable law because the plaintiff and the decedent were Connecticut residents, the car accident which caused the death of Margaret Grauer occurred on a Connecticut highway, and two of the allegedly negligent actions or omissions which lead to the accident occurred in Connecticut. For the reasons stated herein, the defendant’s motion is ALLOWED.
BACKGROUND
This wrongful death action arises from an accident that occurred on January 25, 1988 near a construction site on Route 8 in Derby, Connecticut. On that day Defendant Peabody New England, Inc. (Peabody), a Delaware corporation with its place of business in North Easton, Massachusetts, was operating a construction site at the location of the accident. Third-party defendant, Guy Marcotte[3] (Marcotte), was driving a tractor trailer to make a delivery in Connecticut on behalf of the company B&B Manufacturing of New Bedford, Massachusetts. The truck driven by Marcotte was owned by Laurier Marcotte and registered in Massachusetts. The truck’s brakes had been serviced by United Truck Center of Lynn, Massachusetts. Margaret Grauer, a Connecticut resident, was driving her car along Route 8.
Mrs. Grauer was killed when the tractor trailer driven by third-party defendant Guy Marcotte lost control, rolled over, and crushed her vehicle. Plaintiff Albert Grauer (Grauer), the decedent’s husband, has brought this wrongful death action individually and as the administrator of the estate of Margaret Grauer. At the time of the accident both Margaret Grauer and her husband were residents of Naugatuck, Connecticut.
Grauer filed a wrongful death claim against Marcotte in Connecticut. That claim has been stayed, however, during the pendency of this action. In the present case, the plaintiff alleges that United Truck Center negligently serviced the brakes on Marcotte’s truck causing the accident. Grauer further alleges that Peabody’s failure to post adequate signs to warn of a traffic back up was a second cause of the accident.
DISCUSSION
Traditionally the Massachusetts choice of law rule was lex loci delicti, “place of the wrong.” Trudel v. Gagne, 328 Mass 464, 465-66 (1952). Under this doctrine tort issues were resolved by employing a “strict territorial” approach. Alves v. Siegel’s Broadway Auto Parts, Inc., 710 F.Supp. 864 (D. Mass. 1989). The substantive law of the state where the injury occurred was always applied in tort cases. Employing the lex loci delicti analysis, Connecticut substantive law would have been applied to the case at bar because accident and resulting harm occurred in Connecticut.
In the past twenty years our Supreme Judicial Court has adopted a more flexible, albeit less predictable, approach to Massachusetts choice of law cases. See Pevoski v. Pevoski, 371 Mass. 358, 360 (1976); Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 333 (1983). The current approach responds to the inter *36 ests of the parties, the states involved, and the interstate system as a whole. Bushkin Assoc., Inc. v. Raytheon, 393 Mass. 622, 631 (1985). While the place of the injury continues to be a primary consideration in determining the applicable substantive law, the inquiry no longer ends there. Pevoski 371 Mass, at 359-61. “Th[e] rule Ilex loci delicti] has provided and will continue to provide, a rational and just procedure for selecting the law governing the vast majority of issues in multi-State tort suits.” Id. at 359. However, the Court has held that in some cases there may be issues “on which the interests of lex loci delicti are not so strong.” Id. at 359-60.
The recent approach in Massachusetts choice of law cases “appears to be a bit of a hybrid, mixing lex loci delicti and the Second Restatement’s ‘most significant relationship’ test.” Alves v. Siegel’s Broadway Auto Parts, Inc., 710 F.Supp. 864, 870 (D. Mass. 1989). In Cohen v. McDonnell Douglas Corp., 389 Mass, at 336, the Court chose the law of the place where the injury occurred stating that it did so because under Section 146 of the Restatement (Second) of Conflicts of Law, “no other state had a more significant interest. ”
While the Supreme Judicial Court has not “explicitly” adopted the approach of the Restatement (Second) of Conflict of Law, it does look to Sections 6, 145, and 146 when making choice of law determinations. Schulhof v. Northeast Cellulose, Inc., 545 F.Supp. 1200, 1203 (1982). In determining the law with respect to a particular issue a Massachusetts trial court should consider both the principles of lex loci delicti and the interests of the state which has the most significant relationship to that particular issue.
In determining the applicable law to a particular issue a Massachusetts trial judge considers the following Choice of Law principles from the Restatement (Second):
Section 6. Choice-of-Law Principles
(1) A Court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in determination and application of the law to be applied.
Section 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in [Section] 6.
(2) Contacts to be taken into account in applying the principles of [Section] 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
Section 146. Personal Injuries
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in [section] 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
Our Supreme Judicial Court has been discriminating in allowing the law of Massachusetts to be applied to particular issues in tort cases involving out of state accidents. So far, however, interspousal immunity and worker’s compensation liability are two examples of the specific legal issues causing the high court to apply the law of the Commonwealth even though the injuries occurred elsewhere.
In Pevoski the Supreme Judicial Court held that Massachusetts law should be applied to the issue of interspousal immunity in a tort case which involved Massachusetts residents who were involved in a car accident in New York State. “[New York] has no legitimate interest in regulating the interspousal relationships of Massachusetts domiciliaries who chance to be injured within its borders”. Pevoski, 371 Mass, at 360. In Saharceskiv. Marcare, 373 Mass. 304, 310-12, the Supreme Judicial Court applied the law of Massachusetts to determine whether the plaintiff had a right to sue a fellow employee for injuries incurred in an accident in Connecticut. There the Court applied Massachusetts law because the parties were both Massachusetts residents who had been hired and worked in Massachusetts. “The elimination of happenstance, a sort of unknowing geographical Russian roulette, as the controlling factor is particularly significant in a case where no business was to be transacted in the jurisdiction where the injury took place.” Both of these cases involved Massachusetts residents and issues of public policy.
*37 In the present case the defendant has requested that Connecticut substantive law be applied to all issues in the case. In contrast the plaintiff argues that the law of Massachusetts should be applied to all issues and, in the alternative, that the law of Massachusetts should apply to the issue of joint and several liability. This choice of law determination is critical to the disposition of the case because the laws of the two states differ. The Massachusetts laws on joint and several liability and wrongful death are more generous monetarily to plaintiffs than the similar laws in Connecticut.
The accident here involves Massachusetts residents who were doing business in Connecticut and Connecticut residents. The accident and resulting injury happened in Connecticut. Some of the acts and omissions allegedly causing the accident took place in Connecticut while others allegedly occurred in Massachusetts. The current Massachusetts approach to conflict of laws cases does not offer an easy answer to the determination of the applicable law in this case. However, looking at the factors suggested by the Restatement (Second) of Conflict of Laws this Court finds that Connecticut has a more significant relationship to the issues involved in this case. The defendants doing business in Connecticut could not have expected to be held liable under Massachusetts law for acts occurring or causing injury in Connecticut. Further it is not reasonable for Connecticut residents injured in Connecticut to expect the benefits of Massachusetts law to be applied to a case involving a Connecticut car accident. The injury occurred in Connecticut and the parties involved were either conducting business in Connecticut or Connecticut residents. Therefore, the substantive law of Connecticut must be applied to all issues involved in the current dispute.
The plaintiff urges this Court to apply the law of Massachusetts to the issue of joint and several liability. The plaintiff cites In the Matter of Colorado Springs Air Crash, 867 F.Supp. 630 (N.D. Ill. 1994), as the authority for the proposition that the “principle place of business is the most significant contact for the question of whether applying joint and several liability will deter negligent behavior. States have a significant interest in controlling the behavior of companies domiciled with their borders.” Colorado Springs, 867 F.Supp. at 634. In that case a determination of choice of law on the issue of joint and several liability was necessary because one of the parties, the United States, had settled with the plaintiffs. Although the accident did not occur in Illinois, the Court applied Illinois law to the issue of joint and several liability because Illinois was the principle place of business of the airline.
The facts of Colorado Springs distinguish it from this case. There the federal trial court was concerned with encouraging settlement in a mass tort case. In the present case the parties and the facts are much simpler than those in Colorado Springs. There are no multiple plaintiffs. The defendants are not airlines that pass through dozens of states in order to conduct business. There has been no settlement by anyone.
Joint and several liability in this case is not an issue on which Massachusetts has a stronger interest than Connecticut. Since most of the parties are either residents of Connecticut or conducting business in Connecticut, there are no compelling reasons to apply the law of Massachusetts to the issue of joint and several liability. This Court finds that Connecticut has the most significant relationship to the place where the injury occurred, the place where the conduct causing the injury occurred, and the residence and place of business activity of the parties. Thus the law of Connecticut shall be the applicable substantive law for all the issues in this wrongful death case.
CONCLUSION
For the reasons stated herein, the defendant’s motion to establish Connecticut law as the law governing all issues in this cases ALLOWED.

d/b/a B&B Manufacturing Co.