Spurlock, J.
Plaintiffs Suzy Desouza, Kayla Desouza, Sara Lima, Rachel Soares, and Samuel Miranda (plaintiffs) brought suit against the estate of Charles Goulart, Nelis Queiroz (Queiroz), and National Car Rental (National) to recover for injuries sustained in a car accident. In Count XI of the complaint, plaintiffs allege that Connecticut law applies and that under Connecticut General Statutes §14-154a, National is vicariously liable for the negligence of Charles Goulart and Queiroz.
Defendant National has moved for summary judgment and agrees that Connecticut law applies. However, National argues that under the statute as interpreted by the Connecticut Courts, plaintiffs may not impute the negligence of either Charles Goulart or Queiroz to National.
DISCUSSION
On February 18, 1993, Salvalina Goulart, Charles Goulart, and Queiroz rented a vehicle from National at Logan Airport. Salvalina Goulart paid for the vehicle and signed a rental agreement that listed her and Queiroz as authorized drivers.
On February 20, 1993, Charles Goulart was driving the vehicle in Connecticut. Plaintiffs and Queiroz were also in the vehicle. At approximately 3:00 a.m., while travelling on Route 95, the vehicle was involved in an accident which caused it to turn over. Charles Goulart died and the plaintiffs were injured. Salvalina Goulart was not in the vehicle at the time of the accident.
On February 21, 1995, plaintiffs sued Charles Goulart’s estate (the actual driver), Queiroz (the authorized driver), and National (the owner of the vehicle).[3] Plaintiffs plead in Count XI of the complaint that “the parties have agreed that Connecticut statute 14-154a of the General Laws applies to this action.” To date, both parties have treated this case as if Connecticut law controls. In fact, this motion for summary judgment was argued under Connecticut law. However, this Court does not agree that Connecticut law applies. Rather, this Court finds Massachusetts law applies because Massachusetts is the state with the most significant relationship to the parties.
For contracts and torts cases the Supreme Judicial Court of Massachusetts has declined to adopt any one method of determining which state’s law to apply in a case involving multi-state contacts choosing instead to take a flexible “choice-influencing approach.” See, e.g., Bushkin Assocs., Inc. v. Raytheon Co., 393 Mass. 622 (1985). Under this approach, Massachusetts courts are to assess various “choice-influencing” considerations such as, but not limited to, the general choice of law principles of the Restatement Second of Conflicts in an attempt to respond to the interests of the parties, the states involved, and the interstate system as a whole. In this case, the only connection that the parties have to Connecticut is that the accident occurred there. This case is more like Pevoski v. Pevoski, 371 Mass. 358 (1976). In Pevoski, the court held that a dispute arising out of an accident in New York involving two parties from Massachusetts was governed by Massachusetts law. Id. at 361. In this case, all of the individual parties are Massachusetts residents; National does business in this state and maintains several rental locations in the Commonwealth; the contract for the car was entered into in Massachusetts; and the automobile was to be returned to the Massachusetts location. In essence, *98 Massachusetts is the state with the most significant relationship to the parties.
ORDER
Based upon the foregoing, it is hereby ordered that 1) the defendant’s motion for summary judgment is DENIED and 2) Massachusetts law governs this action.

 In a separate action, Middlesex Superior Court Civil Action No. 95-0898, Charles Goulart’s estate sued Queiroz and National alleging that defendants’ negligence resulted in Charles Goulart’s death. This decision is also binding on Civil Action No. 95-0898.