Neel, J.
This products liability action arises out of a motor vehicle accident which occurred on 1-395 in Norwich, Connecticut. The plaintiff, Ronald Kramer, brings this action individually and as administrator of the estate of his wife, Shirley Kramer. On March 8, 1998, Shirley Kramer was behind the wheel of the couple’s Toyota Camry when it left the road, crossed the highway’s travel lanes, struck a tree and rolled over several times before coming to a stop. The plaintiff alleges that both of the Kramers were wearing seatbelts, and that Shirley Kramer was, nevertheless, partially ejected from the vehicle and sustained fatal injuries.
Ronald Kramer filed this lawsuit against Acton Toyota (Acton), from which he purchased the Camry, and Toyota Motor Sales, U.S.A., Inc. (TMS), the California-based Toyota distributor which provided the car to Acton. The complaint alleges negligence, breach of implied warranty, and violation of G.L.c. 93A, §§2 and 9. The defendants move to apply Connecticut law to the issue of Shirley Kramer’s alleged contributory negligence in causing her own death.
If Connecticut law applies to this action, a verdict in favor of the plaintiff would be reduced by the percentage of any causal misconduct attributed to Shirley Kramer, regardless of how large or small that percentage is, and regardless of whether the verdict is based on negligence or on breach of warranty. See Conn. Gen. Stat. Ann. §52-572o.
By contrast, if Massachusetts law applies, the effect of causal misconduct by Shirley Kramer would differ, depending on the particular legal theory involved. If the plaintiff proves negligence by defendants Acton and TMS, then G.L.c. 231, §85 requires that a defense verdict shall be entered if Shirley Kramer’s contributory negligence exceeds the combined negligence of the defendants. Conversely, if any negligence by Shirley Kramer is less than or equal to the combined negligence of Acton and TMS, the award will be reduced by whatever percentage of responsibility is allocated to her. If the plaintiff proves a breach of warranty, Massachusetts law requires entry of a defense verdict only if the jury finds that Shirley Kramer knew of an alleged defect in the Camry and the risk which that defect created, but nonetheless unreasonably proceeded to encounter that risk. Absent such a finding, reasonably foreseeable misconduct by Shirley Kramer would have no effect of her breach of warranty claim. Allen v. Chance Mfg. Co., 398 Mass, 32, 34-35 (1998); Correia v. Firestone Tire & Rubber Co., 388 Mass. 342, 352-57 (1983).
The plaintiff opposes the defendants’ motion to apply Connecticut law.
For the reasons stated herein, the Court concludes that Massachusetts law applies in the circumstances of this case.
Discussion
Ordinarily, there is a presumption that the substantive law governing a tort action for physical injury is that of the place where the injury occurred. Cosme v. Whitin Mach. Works, Inc 417 Mass. 643, 644 (1994). However, Massachusetts does not strictly adhere to the doctrine of lex loci delicti, especially when “on the particular facts of a case another jurisdiction may be more concerned about and more involved with certain issues” than the jurisdiction where the injury was sustained. Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 333 (1983); Pevoski v. Pevoski, 371 Mass. 358, 359-60 (1976).
In such choice of law questions, Massachusetts courts take a functional approach in determining which state’s law is applicable, using established conflicts criteria and considerations. See Bushkin Ass’n, Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985) (“[We] seek instead a functional choice of law approach that responds to the interests of the parties, the State involved, and the interstate system as a whole”); Clarendon Nat’l Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass.App.Ct. 492, 495-96 (2004). The Massachusetts functional approach is explicitly guided by the Restatement (Second) of Conflicts of Laws (1971). Cosme v. Whitin Mach. Works, Inc., 417 Mass, at 646; Bushkin Ass’n, Inc. v. Raytheon Co., 393 Mass, at 632.
*457 The relevant sections of the Restatement in this tort injury case are §§6 and 145-46. Section 6 outlines the general policy considerations as follows: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainly, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. Restatement (Second) of Conflict of Laws §6 (1971). Section 145 provides that, in tort cases, the rights and liabilities of the respective parties are determined by the state which has the most significant relationship to the parties and to the underlying event. This section is to be read in tandem with the §6 considerations, taking into account the following four factors: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws §145(1) and (2) (1971). Finally, §146 provides that in matters of personal injury, the law of the state where the injury occurred applies unless another state has a more significant relationship to the occurrence under the policies enumerated in §6. Restatement (Second) of Conflict of Laws §146.
It is not necessary to evaluate all of the considerations, only those that are relevant. Cosme v. Whitin Mach. Works, Inc., 417 Mass, at 647. With the foregoing as a guide, the Court will evaluate the contacts and general interests of the parties, and states, in light of all the policy considerations set forth in the Restatement. See Bushkin Ass’n, Inc. v. Raytheon Co., 417 Mass, at 631.
In this case, the relevant contacts are as follows. Massachusetts is the forum state for this civil action. Ronald Kramer — the surviving spouse of decedent Shirley. Kramer — -is a resident of Massachusetts, and was at the time of the accident. The decedent was also a resident of Massachusetts at all times up to and including the date of her fatal injury. The vehicle was registered, used, garaged and maintained in Massachusetts. It was purchased at Acton Toyota in Acton, Massachusetts, and distributed to Acton by TMS. Acton is a Massachusetts corporation with its principal place of business in Massachusetts. TMS is a California corporation with its principal place of business in California. TMS is registered to do business throughout the continental United States, including Massachusetts and Connecticut. The accident occurred in Connecticut as the Kramers traveled together through that state on a round-trip visit from Massachusetts to New York.
Under § 146 of the Restatement, the law of Connecticut, the place where the injury occurred, will presumptively apply unless Massachusetts has a “more significant relationship” to the parties and the underlying occurrence under the considerations provided in §6. See also Cosme v. Whitin Mach Works, Inc., 417 Mass, at 647. However, comment e to §145(2) of the Restatement notes that the importance of the place of injuiy is significantly diminished in cases where the location can be said to be fortuitous, where it bears little relation to the occurrence and the parties with respect to the particular issue, and where the parties have no settled relationship to that state. See Restatement (Second) of Conflict of Laws §145, comment e to subsection (2) (1971); Cohen v. McDonnell Douglas Corp., 389 Mass, at 336.
Based on the record before the Court, Connecticut’s relationship to the underlying occurrence is almost entirely fortuitous. As noted above, the accident occurred when the Kramers were merely passing through Connecticut on their way to New York on a trip that began, and was intended to end, in Massachusetts.
To be sure, Connecticut has some interest in having its laws apply to a motor vehicle accident on a Connecticut roadway, particularly where Connecticut seeks to deter persons from their own misconduct and to hold them responsible by reducing their recovery in proportion to their own fault in causing an accident on Connecticut roads. However, Connecticut’s interests are of a general nature, no greater and at least equally applicable to the interests of all fifty states in maintaining safe roadways. Furthermore, Connecticut has no significant interest in allocating responsibility for injuries, suffered by Massachusetts residents, allegedly caused by a product which those residents purchased in Massachusetts from a Massachusetts vendor and which was distributed to Massachusetts by a California corporation. In contrast, Massachusetts has a strong interest in the manner in which its residents are compensated for injuries sustained as a result of allegedly faulty products sold within its borders, regardless of where those products ultimately failed. See Cosme v. Whitin Mach Works, Inc., 417 Mass, at 649-50.
Here too, the relevant policy of Massachusetts as the forum state must be given significant weight. In Correia v. Firestone Tire & Rubber Co., 388 Mass. 342 (1983), the Supreme Judicial Court expressly limited the availability of the defense of contributory negligence in breach of warranty claims, noting that in such actions, “(t]he liability issue focuses on whether the product was defective and unreasonably dangerous and not on the conduct of the user or the seller.” Id. at 355. Connecticut does not make this distinction for breach of warranty claims in either its statutory or common law. It would therefore offend “the relevant policies of the forum” to apply Connecticut law in this *458 products liability case and potentially limit the plaintiffs recovery.
The protection of justified expectations is a factor of minimal importance in this case. As the Restatement explains, “(t]here are occasions, particularly in the area of negligence, when the parties act without giving thought to their conduct or to the law that may be applied. In such a situation, the parties have no justified expectations to protect, and this factor can play no part in the decision of the choice-of-law question.” Restatement (Second) of Conflicts of Laws §6, comment g to Subsection 2 (1971).
The needs of the interstate system point, if at all, to Massachusetts. “Deference to sister state law in situations in which the sister state’s substantial contacts with a problem give it a real interest in having its law applied . . . will at times usefully further this part of the law’s total task.” Cosme v. Whitin Mach. Works, Inc., 417 Mass, at 649, citing R.A. LeFlar, American Conflicts of Law §104, at 293 (4th ed. 1986).
The values of certainly, predictability, and uniformity of result favor the application of Massachusetts law, particularly in view of the fact that both sides have already agreed that Massachusetts law governs most of the substantive law in this case. Where Connecticut’s only interest in this litigation arises because the accident fortuitously occurred there, certainty, predictability, and uniformity will best be achieved by applying the law of Massachusetts, where the parties’ relationship is centered. Rigid adherence to the “place of injury” or lex loci delicti rule has been rejected by our courts. See Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass, at 632.
Because Massachusetts has a more significant relationship to the parties and the occurrence than does Connecticut, Massachusetts law will govern all aspects of this litigation.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to apply Connecticut law is DENIED.

The Court notes that, in any event, if the jury finds contributory negligence, the jurors will be asked to allocate the total negligence among all parties. Thus the verdict slip will determine all facts necessary for a verdict under either Massachusetts or Connecticut law, and no re-trial of this issue would be necessary if a Massachusetts appellate court were to decide that Connecticut law applies.